# JOHN D. SIMONDS ET AL. *v.*
# RAYMOND H. SHAW ET AL.
## (15145)

Dupont, C. J., and O'Connell and Foti, Js.

Argued January 15—officially released April 8, 1997

*Stanley Maxim Lucas*, for the appellants (defendants).

*Michael R. Hasse*, with whom, on the brief, was *Richard T. Miller*, for the appellees (plaintiffs).

FOTI, J. The defendants appeal from the trial court's decision rendering judgment for the plaintiffs in accordance with the report of the attorney trial referee. On appeal, the defendants claim that the trial court improperly (1) granted an injunction, (2) found an easement by prescriptive use by the plaintiffs and their predecessors in title, (3) found that a right-of-way is appurtenant to the plaintiffs' property, (4) determined that the plaintiffs had met their burden of proving that a right-of-way exists, (5) found that there had not been an abandonment of any right-of-way that may have existed, (6) decided that the Marketability of Title Act, General Statutes § 47-33b et seq., did not extinguish such a claimed easement, and (7) granted an injunction that did not set proper legal parameters of width, location, use, intensity and scope. We affirm the judgment of the trial court.

In their one count complaint, the plaintiffs, John D. Simonds and Delaine Simonds, claim the right to use a strip of land adjoining their property as a roadway over a portion of the land owned by the defendants, Raymond H. Shaw and Shirley M. Shaw, as a way of ingress and egress to Shetucket Turnpike in Voluntown. The plaintiffs allege that they have a right-of-way created by prescriptive easement because they and their predecessors in title have used and enjoyed the roadway for more than fifteen years in an open, adverse, visible, uninterrupted, notorious, and continuous manner. In May, 1986, the defendants obstructed the roadway to prevent the plaintiffs' use of the strip of land. The plaintiffs seek an injunction to prevent the defendants from obstructing this roadway.

After a trial, the attorney referee filed a twelve page report including specific factual findings. He listed a number of maps, plans and photographs that supported his finding that a right-of-way exists. He found that the right-of-way has been known over the years as Two Woods Road and Cooney Road. The attorney referee also referred to the testimony of previous owners and a land surveyor in support of a finding of a right-of-way. Although the defendants' title does not mention the right-of-way, the defendants' predecessors' title mentions a "drift-way" crossing the rear portion of the property. The defendants' property survey includes notations of a roadway passing across their property to the plaintiffs' property. The attorney referee concluded that the plaintiffs had shown by a fair preponderance that they had an easement by prescription for the right-of-way. He determined that the right-of-way has existed since at least 1942, is appurtenant to the plaintiffs' property, and was included in the plaintiffs' and their predecessors' deeds of conveyance, which transferred "all appurtenances." He recommended that the court grant the injunctive relief sought by the plaintiffs.

The defendants filed a motion to correct pursuant to Practice Book § 438.[1] The attorney referee filed a supplemental report denying the substance of the motion to correct.[2] The defendants filed exceptions and

[1] Practice Book § 438 provides in relevant part: "If either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding further facts, or by stating the claims of the parties made before the committee, or by setting forth rulings upon evidence or other rulings of the committee, he shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions desired by him. . . ."

[2] The attorney referee granted the motion to correct as to the trial dates that were incorrect in his original report. This correction is not relevant to any claims on appeal. The attorney referee also granted the motion to correct its statement that an aerial survey showed the *right-of-way* in question because this was a legal conclusion and instead he should have stated that the photograph shows a break in the tree line indicating some physical path on the land in the vicinity of the alleged right-of-way.

objections to the attorney referee's report pursuant to Practice Book §§ 439[3] and 440.[4] The plaintiffs filed a motion for judgment in accordance with the attorney referee's report. On August 14, 1995, the trial court rendered judgment in accordance with the attorney referee's report. This appeal followed.

I

The defendants claim that the trial court improperly granted an injunction. They contend that the plaintiffs failed to demonstrate irreparable harm because the plaintiffs had other access to their property and that there was an adequate remedy at law because the plaintiffs had alternate remedies through an award of damages or pursuant to General Statutes § 47-31. We do not agree.

The plaintiffs brought this action pursuant to § 47-37, the statutory provision defining a prescriptive easement. General Statutes § 47-37 provides: "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." General Statutes § 47-31 creates an action to quiet title that is not relevant

---

[3] Practice Book § 439 provides in relevant part: "If a committee fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, file exceptions seeking corrections by the court in the report or finding. The court will not consider an exception unless its subject matter has been submitted to the committee in a motion to correct, provided that this requirement shall not apply to exceptions taken to corrections in the report or finding made after it was filed; nor will the court correct a finding of fact unless a material fact has been found without evidence or the committee has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear. . . ."

[4] Practice Book § 440 provides in relevant part: "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted. . . ."

to a claim of an easement because actual ownership of the property is not at issue.

Injunctive relief is appropriate in an action to bar the closing, obstructing or interfering with the right-of-way. See, e.g., *Westchester* v. *Greenwich*, 227 Conn. 495, 502, 629 A.2d 1084 (1993); *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 218 Conn. 474, 475, 590 A.2d 431 (1991); *Chaput* v. *Clarke*, 26 Conn. App. 785, 792, 603 A.2d 1195 (1992). In effect, the attorney referee, by awarding injunctive relief, concluded that damages were not an adequate remedy. We conclude that an award of injunctive relief was not improper.

## II

The defendants claim that there was insufficient evidence to support a finding of a prescriptive easement. They separate this argument into a number of individual claims, which we will address together. The defendants argue that there were interruptions in the use of the roadway, so that the use cannot be considered to be a continuous and uninterrupted period of time for at least fifteen years as required by § 47-37. They contend that the plaintiffs did not meet the burden of proof to establish that a right-of-way existed or does exist. We conclude that there was sufficient evidence to find that the plaintiffs had a right-of-way by prescriptive easement to use the roadway.

"[A] prescriptive easement is established by proving an open, visible, continuous and uninterrupted use for fifteen years made under a claim of right." *Gioielli* v. *Mallard Cove Condominium Assn., Inc.*, 37 Conn. App. 822, 829, 658 A.2d 134 (1995). A prescriptive easement must be proved by a fair preponderance of the evidence. *Reynolds* v. *Soffer*, 190 Conn. 184, 188, 459 A.2d 1027 (1983); *Public Storage* v. *Eliot Street Ltd. Partnership*, 20 Conn. App. 380, 385, 567 A.2d 389 (1989).

"Whether the requirements for such a right have been met in a particular case presents a question for the trier of facts after the nature and character of the use and the surrounding circumstances have been considered." *Krohner* v. *Seyburt Associates Ltd. Partnership*, 20 Conn. App. 298, 301, 566 A.2d 995 (1989), cert. denied, 213 Conn. 814, 569 A.2d 550 (1990). The attorney referee made subordinate factual findings based on the evidence that allowed him to conclude that the plaintiffs and their predecessors had a right-of-way through a prescriptive easement. He determined that the testimony of previous owners and a land surveyor, maps, plans and photographs, and other circumstances demonstrated continued and uninterrupted use for at least fifteen years.

The defendants also claim that the plaintiffs' predecessors in interest had abandoned any right to the right-of-way that was obtained through prescriptive easement. "Whether there has been an abandonment is a question of intention to be determined from all the surrounding circumstances, and is a question of fact and not of law." *Richardson* v. *Tumbridge*, 111 Conn. 90, 93, 149 A. 241 (1930). The plaintiffs and the two previous owners testified that they did not, nor did they intend to, abandon the right-of-way. There was sufficient evidence, therefore, to support the attorney referee's conclusion that there had not been an abandonment of the easement.

The defendants further claim that the easement was not appurtenant to the plaintiffs' land and that, therefore, the right-of-way should not have passed to the plaintiffs. Whether the right-of-way is appurtenant or in gross is resolved by ascertaining the intent of the parties. This intent is determined by considering the provisions of the deed in light of the then existing situation of the property and the current surrounding circumstances. *Stiefel* v. *Lindeman*, 33 Conn. App. 799, 807,

638 A.2d 642, cert. denied, 229 Conn. 914, 642 A.2d 1211 (1944). The deeds of conveyance of the plaintiffs and their predecessors included language that transferred "all appurtenances." We have held that a habendum clause that included the phrase "with appurtenances thereof" was sufficient to convey a right-of-way. See *Chaput* v. *Clarke*, supra, 26 Conn. App. 791. The attorney referee determined that the easement was appurtenant and therefore passed by deed to the plaintiffs.

We conclude that there was sufficient evidence to support the attorney referee's conclusions. Applying the law to this factual determination, we conclude that the trial court properly determined that an easement by prescription existed granting the plaintiffs a right-of-way over the roadway on the defendants' property.

III

The defendants argue that the Marketability of Title Act, General Statutes § 47-33b et seq., extinguished the claimed easement. We do not agree.

The purpose of that act is to limit title searches to some reasonable period of the immediate past, forty years in Connecticut pursuant to General Statutes § 47-33c,[5] and thus to avoid the necessity of examining the

[5] General Statutes § 47-33c provides: "Any person having the legal capacity to own land in this state, who has an unbroken chain of title to any interest in land for forty years or more, shall be deemed to have a marketable record title to that interest, subject only to the matters stated in section 47-33d. A person has such an unbroken chain of title when the land records of the town in which the land is located disclose a conveyance or other title transaction, of record not less than forty years at the time the marketability is to be determined, which conveyance or other title transaction purports to create such interest in land, or which contains language sufficient to transfer the interest, either in (1) the person claiming that interest, or (2) some other person from whom, by one or more conveyances or other title transactions of record, the purported interest has become vested in the person claiming the interest; with nothing appearing of record, in either case, purporting to divest the claimant of the purported interest."

record back into distant time for each new transaction. *Mizla* v. *DePalo*, 183 Conn. 59, 64 438 A.2d 250 (1981).

The attorney referee found that the defendants had received ownership of their property by deed in 1977. He determined, on the basis on the testimony of previous owners and the plaintiffs, that there were acts of use in the forty years prior to 1977, and that, therefore, the right-of-way was not voided by the Marketability of Title Act.

Moreover, General Statutes § 47-33h[6] expressly exempts easements from being extinguished by the Marketability of Title Act where the easement is evidenced by a road or other structure. A party cannot extinguish such easement if the interest is evidenced by the location of said easement on the land.

We conclude that the Marketability of Title Act did not prevent the trial court from finding that the plaintiffs had a right-of-way over the defendants' property.

## IV

The defendants claim that the trial court improperly granted an injunction that did not set legal parameters of width, location, use, intensity and scope. We are unpersuaded.

"A prescriptive right cannot be acquired unless the use defines its bounds with reasonable certainty." (Internal quotation marks omitted.) *Schulz* v. *Syvertsen*, 219 Conn. 81, 92–93, 591 A.2d 804. "[W]hen an easement is established by prescription, the common

---

[6] General Statutes § 47-33h provides in relevant part: "Section 47-33b to 47-33*l*, inclusive, shall not be applied . . . to bar or extinguish any easement or interest in the nature of an easement . . . if the existence of such easement or interest is evidenced by the location beneath, upon or above any part of the land described in such instrument of any pipe, valve, road, wire, cable, conduit, duct, sewer, track, hole, tower or other physical facility . . . ."

and ordinary use which established the right also limits and qualifies it. . . . The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit." (Citations omitted; internal quotation marks omitted.) *Kuras* v. *Kope*, 205 Conn. 332, 341, 533 A.2d 1202 (1987).

The trial court did not need to set specific parameters for the easement because the roadway defines the right-of-way. See *Hagist* v. *Washburn*, 16 Conn. App. 83, 86, 546 A.2d 947 (1988). The plaintiffs sought to enjoin the defendants from preventing use of the easement. The defendants argued that there was no right-of-way; they did not claim that the plaintiffs were overusing the roadway. The trial court granted the injunction restraining the defendants from continuing to close, to obstruct, or to interfere with the right-of-way. The plaintiffs are entitled to reasonable use of the roadway.

The judgment is affirmed.

In this opinion the other judges concurred.