FIRST UNION NATIONAL BANK *v.* EPPOLITI REALTY
COMPANY, INC., ET AL.
(AC 27120)

DiPentima, Lavine and Peters, Js.

Argued November 15, 2006—officially released February 20, 2007

*Mark S. Baldwin,* with whom, on the brief, was *Eliza-beth A. Fowler,* for the appellants (defendants).

*Julia B. Morris,* with whom, on the brief, was *Sandi Beth Girolamo,* for the appellee (plaintiff).

PETERS, J. The issue in this appeal is whether a court's grant of an easement by necessity must specifically describe the scope of such an easement. The owner of the servient estate claims that, in granting an easement over his property for "all general purposes," the court improperly created an easement that, in effect, gave the owner of the dominant estate unlimited use of the easement. We agree and direct the trial court, on remand, to fashion a proper remedy.

On February 13, 2003, the plaintiff, First Union National Bank (First Union),[1] filed a three count complaint against the defendant Eppoliti Realty Company, Inc.,[2] in which it requested (1) quiet title to lot 4 pursuant to General Statutes § 47-31, (2) a declaratory judgment and (3) relief for tortious interference with a contract. Persuaded that the plaintiff's property had become landlocked, the court granted the plaintiff an easement by necessity over the defendant's adjoining twenty-five foot strip of land. The defendant has appealed.

In its memorandum of decision, the court found the following undisputed facts. "In the calendar year 1947, one Primo Principi purchased a piece or parcel of land on North Street in Ridgefield, Connecticut. In 1967, he divided the original parcel into four lots, two of which, lots 1 and 2, front on North Street and two, lots 3 and 4, are rear lots, [a]ll of which are shown on a certain map entitled Property of Primo Principi, North Street, Ridgefield, Conn. . . . which map is on file in the office

---

[1] At trial, the plaintiff moved for substitution of the plaintiff's name from First Union National Bank to Wachovia National Bank Association.

[2] Eppoliti Realty Company, Inc., and Edgardo Ippoliti were both named defendants in this suit. The judgment granting an easement by necessity in this appeal affects only Eppoliti Realty Company, Inc., because the title to the land at issue is in the name of this corporation. We therefore refer to Eppoliti Realty Company, Inc., as the defendant. Any reference to Ippoliti is in his personal capacity.

of the town clerk of the town of Ridgefield as map number 4175.

"A driveway runs from North Street across lot 1 over to lot 4, which is the parcel in issue in this particular litigation. Before the parcel was subdivided, the driveway across lot 1 was used to access a storage shop that eventually became the house situated on lot 4. Principi also owned a certain twenty-five foot right-of-way also shown on [the Principi map] which runs in a generally southeasterly direction from North Street . . . then due south along the easterly border of lot 4 the so-called 'right-of-way' . . . ."

With the exception of a short period from 1971 until 1972,[3] Principi owned lot 4 from 1954 until his death on April 29, 2001. "In the 1980s, Principi, with the help of Ippoliti, converted the shed on lot 4 into the house which stands on said lot. When [Principi] conveyed lot 1 away to a third party, he retained no access across that lot to lot 4. He paved a twenty-five foot right-of-way and asserted his access to lots 3 and 4 on the [Principi map] and also to a lot on the adjacent subdivision which is referred to as lot 7. From the time Principi moved into the house on lot 4, he used the twenty-five foot right-of-way for access to North Street. As part of the improvements to the structure, Principi constructed a driveway and parking area on lot 4 leading to this twenty-five foot right-of-way. The owners of lot 7 . . . and lot 3 continued to use the twenty-five foot right-of-way but neither owner of those lots individually or

---

[3] On September 17, 1971, Principi transferred lot 4 to Anne Mahoney and Daniel Mahoney. The Mahoneys transferred lot 4 back to Principi on November 1, 1972. Each time the lot was transferred, the deed included the following language granting an easement over the right-of-way at issue: "[T]ogether with an easement for all lawful purposes over the twenty-five foot right-of-way as shown on the subject map, subject to a similar right to be granted to others." We note, however, that the trial court determined that lot 4 was entitled to an easement by necessity and not by implication.

severally [took] care of or maintain[ed] that right-of-way."

On March 9, 1999, Principi conveyed the twenty-five foot right-of-way to the defendant by quitclaim deed. This deed did not contain an express easement for lot 4 over the right-of-way. The conveyance of the twenty-five foot strip of land that contained the driveway was part of plan to sell lot 4 to the defendant for $120,000. Rejecting the defendant's argument to the contrary, the court found that this plan was never consummated.

Principi died testate on April 29, 2001, and named the plaintiff as executor and trustee of his estate. In the absence of a written contract, the plaintiff refused to discuss the sale of lot 4 to the defendant. When the plaintiff thereafter contracted to sell lot 4 to a different buyer, a title search revealed that lot 4 did not enjoy an express easement over the right-of-way. The defendant declined the plaintiff's request for an easement over the twenty-five foot strip of land to which the defendant had title.

After presenting testimony and other evidence at trial, the parties submitted posttrial briefs that focused extensively on whether the plaintiff had established the reasonableness of the scope and use of the easement by necessity. In its posttrial brief, the defendant claimed that the plaintiff had failed to make the necessary showing of how the easement would be used. In particular, the defendant argued that the plaintiff had not presented any evidence of the scope of the easement sought. The plaintiff, on the other hand, argued that limiting the scope of the easement to all "lawful purposes" would be sufficiently specific and that "[i]f the plaintiff, or any other party, overburdens the twenty-five foot right-of-way, then the parties with standing can challenge the scope of the easement at that time."

After this presentation, the court granted an easement by necessity, pursuant to the plaintiff's first count under § 47-31,[4] for the purposes of "pass[ing] and repass[ing] over the twenty-five foot right-of-way for all general purposes in this context . . . ." The court also addressed the issue of which party should bear the burden of maintaining the right-of-way and concluded that "it becomes the duty of the users to maintain the right-of-way for its prorated share of the expenses and improvement."[5]

On appeal, the defendant has renewed its challenge to the reasonableness of the scope and use of the easement. At oral argument, the defendant abandoned its claim that the easement was improperly granted. It contends, instead, that the court improperly granted the plaintiff unlimited use of the right-of-way by not restricting the scope of the easement. We agree.

In reviewing the court's grant of the easement, we must determine whether the failure of a plaintiff seeking an easement by necessity to prove the extent of the scope and use of that easement requires the reversal of the court's decision in its entirety. The defendant claims that the decision of the court should be reversed because the court failed to define the scope of the easement precisely. In response, the plaintiff claims

[4] The plaintiff withdrew the second count for declaratory judgment on the first day of trial. The court declined to grant relief, which the plaintiff does not challenge on appeal, under the third count for tortious interference with a contract.

[5] The parties' posttrial briefs also addressed the issue of whether the defendant would bear any of the financial burden of maintaining the right-of-way.

Although the defendant asked this court, during oral argument, to bear in mind the added expense of maintaining the right-of-way that would accompany an easement with an unlimited scope, the defendant has not expressly raised this issue in its brief. In the absence of proper briefing on appeal, we decline to review this part of the court's decision. See *State* v. *Robert H.*, 273 Conn. 56, 86, 866 A.2d 1255 (2005).

that the judgment of the trial court should be upheld because, despite the court's broad language, the scope of the easement should be construed as limiting its use of the easement for reasonable purposes. The plaintiff reiterates that, if it or any other party overburdens the easement, the defendant may then seek an injunction to prevent the overburdening of the easement. We agree with the defendant that this is not a burden that the defendant was required to assume. The plaintiff's entitlement to an easement by necessity does not justify the court's failure to determine the proper scope of this easement.

"The determination of the scope of an easement is a question of fact. . . . [W]e have stated that [t]he use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit. . . . The decision as to what would constitute a reasonable use of a right-of-way is for the trier of fact whose decision may not be overturned unless it is clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Simone* v. *Miller*, 91 Conn. App. 98, 111, 881 A.2d 397 (2005).

The requirements for an easement by necessity are rooted in our common law. *Collins* v. *Prentice*, 15 Conn. 38, 43 (1842). "[A]n easement by necessity will be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor, or where the grantor retains an adjoining parcel which he can reach only through the lands conveyed to the grantee. . . . [T]o fulfill the element of necessity, the law may be satisfied with less than the absolute need of the party claiming the right of way. The necessity need only be a reasonable one." (Citations omitted.) *Hollywyle Assn., Inc.* v. *Hollister*, 164 Conn. 389, 398–99, 324 A.2d 247 (1973).[6]

---

[6] Although the requirements for an easement by necessity once included a showing of unity of ownership; *Hollywyle Assn., Inc.* v. *Hollister*, supra, 164 Conn. 399; our Supreme Court has eliminated that requirement. *Bolan*

In this case, the court properly determined that the plaintiff had established its right to an easement by necessity over the twenty-five foot strip of land. In particular, the court found that Principi conveyed away the strip without reservation of a right-of-way and that access to the property could be gained only over this twenty-five foot strip.

Having made this determination, the court was then required to establish the scope of the easement by necessity. The court identified the location of the easement as the twenty-five foot strip of land that was used for ingress and egress to lots 3, 4 and 7. It then held that this easement could be used for "all general purposes in this context . . . ." We must decide whether this broad finding of fact was clearly erroneous. See *Simone* v. *Miller*, supra, 91 Conn. App. 111.

In defining the authorized limits on an easement by necessity, a court is obligated to define the intended limits on the use of the easement. See, e.g., *Strollo* v. *Iannantuoni*, 53 Conn. App. 658, 660–61, 734 A.2d 144 (affirming scope of easement by necessity to twenty feet in width and for farming and recreational purposes only), cert. denied, 250 Conn. 924, 738 A.2d 662 (1999); but see *Simonds* v. *Shaw*, 44 Conn. App. 683, 691, 691 A.2d 1102 (1997) (affirming grant of prescriptive easement that did not contain specific terms of easement because scope of easement had already been defined by boundaries of roadway). In making this determination, the court must take into account all the factors relevant to the scope and use of the easement, "including such factors as the amount of harm caused, its foreseeability, the purpose or motive with which the act was done, and the consideration of whether the utility of the use of the land outweighed the gravity of

v. *Avalon Farms Property Owners Assn., Inc.*, 250 Conn. 135, 144, 735 A.2d 798 (1999) (en banc).

the harm resulting." (Internal quotation marks omitted.) *Hagist* v. *Washburn*, 16 Conn. App. 83, 86, 546 A.2d 947 (1988).

We conclude that a plaintiff who brings an action, as in this case, to quiet title by claiming an easement of necessity must affirmatively establish the scope of the easement. See *Strollo* v. *Iannantuoni*, supra, 53 Conn. App. 660–61. Although the court in this case made some findings as to the past use of the easement,[7] it did not make the requisite finding with regard to the easement's scope. We cannot ourselves determine the precise scope of the easement on the basis of the evidence before the court because to do so would require us to make findings of fact. See *Simone* v. *Miller*, supra, 91 Conn. App. 112 ("appellate courts are not triers of fact and rely on the trial court's findings and conclusions related thereto" [internal quotation marks omitted]).[8]

In other cases in which a trial court has failed to determine the precise scope of a remedial order, we have remanded the case for a hearing limited to a determination of the correct remedy. See, e.g., *McBurney* v. *Cirillo*, 276 Conn. 782, 823, 889 A.2d 759 (2006) (remand for further proceeding to determine scope of implied easement); *Kalinowski* v. *Kropelnicki*, 92 Conn. App. 344, 351, 885 A.2d 194 (2005) (remand with direction to recalculate arrearages); *Detar* v. *Coast Venture XXVX, Inc.*, 74 Conn. App. 319, 324, 811 A.2d 273 (2002) (remand with direction to recalculate damages); *Glasson* v. *Portland*, 6 Conn. App. 229, 237, 504 A.2d 550 (1986) (remand for hearing on nature and scope of

[7] The court found that "[f]rom the time Principi moved into the house on lot 4, he used the twenty-five foot right-of-way for access to North Street." Additionally, the court found that the plaintiff's counsel had used the right-of-way on at least four or five separate times.

[8] We note, in passing, that the defendant may well have a legitimate concern that a future purchaser of lot 4 may subject it to a more intensive use than that which prevailed during Principi's ownership of the property.

injunction). Accordingly, in this case as well, we order a remand for further proceedings limited to the determination of the scope of the plaintiff's easement by necessity over the twenty-five foot strip of land owned by the defendant.

The judgment is affirmed as to the grant of the easement by necessity, and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.