ROBERT ST. GERMAIN, SR. *v.* CALVIN
D. HURD ET AL.
(AC 32121)

Gruendel, Lavine and Dupont, Js.

Argued March 9—officially released May 10, 2011

*James P. Brennan*, for the appellants (defendants).

*Eddi Z. Zyko*, for the appellee (plaintiff).

Opinion

DUPONT, J. This appeal arises out of a dispute between neighbors over the defendants' use of the plaintiff's driveway to access the defendants' property and their use of a portion of the plaintiff's land adjacent to the driveway as a "turnaround" area for their cars. The court held that the defendants had acquired a prescriptive easement to use the plaintiff's driveway for ingress and egress from their home to West Main Street in Waterbury, but that they had failed to establish an easement over the turnaround area. The defendants appeal the court's refusal to render judgment for them as to their claim that they had a prescriptive right to use the turnaround area. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendants' claim. The defendants, Calvin D. Hurd and Bambi Hurd, own and reside at 1050 West Main Street in Waterbury. The plaintiff, Robert St. Germain, Sr., owns and resides at 1048 West Main Street in Waterbury, which lies immediately south of the defendants' property. Running along the western border of the plaintiff's property is a paved driveway that is twelve feet wide and connects the defendants' property to West Main Street. The driveway is wide enough to

accommodate only one vehicle at a time. The defendants use this driveway for ingress and egress to their property.[1]

The plaintiff also maintains a separate paved area that lies directly south of his home and east of the driveway, which he uses for parking and turning around his car. The defendants claim that they also use and have used for more than fifteen years this turnaround area to turn their vehicles to drive forward in a southerly direction toward West Main Street. As a result of such use, they do not have to drive in reverse the full length of the driveway in order to enter safely West Main Street, which is a busy public thoroughfare. The plaintiff commenced an action for a declaratory judgment seeking, among other things, to exclude the defendants from the turnaround area. The defendants filed a special defense claiming a prescriptive right to use the turnaround area and filed a counterclaim seeking a judgment settling a right-of-way or easement pursuant to General Statutes § 47-37 to the turnaround area.[2]

After a trial to the court, the court found that the defendants had not established that they had a prescriptive right to use the turnaround area. The court held that "[n]o sufficient evidence was submitted into the record to establish with any degree of definiteness the boundary of the area known as the 'turnaround.'" The defendants sought an articulation of the court's ruling, and the court explained that there was "no credible

[1] According to the relevant deeds and land records, the defendants' property is the dominant tenement for an easement for a right-of-way measuring eight feet wide and connecting the southern border of their property to West Main Street. The court held that the defendants established by a fair preponderance of the evidence that they have acquired a prescriptive easement to use the entire twelve foot width of the plaintiff's driveway for ingress and egress to their property. The plaintiff has not appealed that ruling.

[2] The defendants did not claim as a special defense at trial, nor do they claim on appeal, that they have an easement by necessity over the turnaround area.

testimony pointing to where and how the defendant[s] used the 'area' [known] as the turnaround." The defendants appeal from the court's judgment that they had not acquired a prescriptive easement over the turnaround area.

As a threshold matter, we must address the standard of review. The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. *Bristol* v. *Tilcon Minerals, Inc.*, 284 Conn. 55, 87, 931 A.2d 237 (2007). The defendants did not set forth a standard of review in their brief. At oral argument, they maintained that this court's review is plenary because whether the trial court applied the appropriate standard to the evidence establishing their prescriptive right to the turnaround is a question of law. The plaintiff maintains that because the defendants challenge the factual basis for the trial court's decision regarding the existence of a prescriptive easement, their claim is subject to the clearly erroneous standard of review. We agree with the plaintiff.

"Whether a right of way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered. . . . When the factual basis of a trial court's decision [regarding the existence of a prescriptive easement] is challenged, our function is to determine whether, in light of the pleadings and evidence in the whole record, these findings of fact are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *Slack* v.

*Greene*, 294 Conn. 418, 426–27, 984 A.2d 734 (2009). "In applying the clearly erroneous standard of review, [a]ppellate courts do not examine the record to determine whether the trier of fact *could have* reached a different conclusion. Instead, we examine the trial court's conclusion in order to determine whether it was legally correct and factually supported. . . . This distinction accords with our duty as an appellate tribunal to review, and not to retry, the proceedings of the trial court." (Emphasis added; internal quotation marks omitted.) *Saunders* v. *Firtel*, 293 Conn. 515, 535, 978 A.2d 487 (2009).

We review the defendants' claim with this standard in mind. The defendants claim that they established their prescriptive right to use the turnaround. They argue that they "offer[ed] sufficient evidence to establish the bounds of the 'turnaround' with 'reasonable certainty.' "

"It is well settled that [a]n easement creates a nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the rules authorized by the easement. . . . [E]asements are not ownership interests but rather privileges to use [the] land of another in [a] certain manner for [a] certain purpose . . . ." (Internal quotation marks omitted.) *Stefanoni* v. *Duncan*, 282 Conn. 686, 700, 923 A.2d 737 (2007). Section "47-37 provides for the acquisition of an easement by adverse use, or prescription. That section provides: No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years. [General Statutes § 47-37.]" (Internal quotation marks omitted.) *Slack* v. *Greene*, supra, 294 Conn. 427. A party claiming an easement by prescription must demonstrate that the use has been open, visible, continuous and uninterrupted for fifteen

years and made under a claim of right. Id. The standard of proof that is required to establish an easement by prescription is a fair preponderance of the evidence. *McCullough* v. *Waterfront Park Assn., Inc.*, 32 Conn. App. 746, 753, 630 A.2d 1372, cert. denied, 227 Conn. 933, 632 A.2d 707 (1993).

"It is well settled that when an easement is established by prescription, the common and ordinary use which establishes the right also limits and qualifies it. *Hawley* v. *McCabe*, 117 Conn. 558, 560, 169 A. 192 (1933)." (Internal quotation marks omitted.) *Kuras* v. *Kope*, 205 Conn. 332, 341, 533 A.2d 1202 (1987). "The prescriptive right extends only to the portion of the servient estate actually used . . . and is circumscribed by the manner of its use." (Citation omitted.) *Kaiko* v. *Dolinger*, 184 Conn. 509, 510–11, 440 A.2d 198 (1981). A prescriptive right cannot be acquired unless the common and ordinary use defines the bounds of the claimed easement with *reasonable certainty.*[3] *Schulz* v. *Syvertsen*, 219 Conn. 81, 92–93, 591 A.2d 804 (1991); *Kaiko* v. *Dolinger*, supra, 511; *Kelley* v. *Tomas*, 66 Conn. App. 146, 167, 783 A.2d 1226 (2001); *Simonds* v. *Shaw* 44 Conn. App. 683, 690–91, 691 A.2d 1102 (1997). This requirement is not satisfied when the use is "indiscriminate over [an] entire area." *Aksomitas* v. *South End Realty Co.*, 136 Conn. 277, 285, 70 A.2d 552 (1949). There have been cases in which this court has affirmed the grant of a prescriptive easement that did not contain the specific terms of the easement, but in those cases, the scope of the easement was nonetheless defined by the common and ordinary use proven at trial. See, e.g.,

---

[3] "A million bats can fly out of a cave at once, yet few of them will bump into one another." L. Goodman, "Dispatches From the Bat Cave," Brown Alumni Magazine, March/April 2011, p. 26 (describing research at a laboratory at Brown University). Use of an easement by cars driven by humans, however, of necessity requires a descriptive recitation of the claimed boundaries of its common and ordinary use.

*Kelley* v. *Tomas*, supra, 160, & 167 n.4 (court's description of easement by prescription as general route across property used by defendants for more than twenty years without incident upheld although parties did not introduce evidence such as its metes and bounds); *Simonds* v. *Shaw*, supra, 691 (court need not define scope of easement because it was already defined by boundaries of roadway).

It is not always necessary or even possible for the party claiming a prescriptive right to establish the precise metes and bounds of the easement. See *McCullough* v. *Waterfront Park Assn., Inc.*, supra, 32 Conn. App. 759 (boundaries of prescriptive easement need not be described by metes and bounds if character of land makes such precise description impossible). Nor must the common and ordinary use be without any deviation. See *Ventres* v. *Goodspeed Airport, LLC,* 275 Conn. 105, 125–27, 881 A.2d 937 (2005) (concluding that vertical dimensions of prescriptive easement claimed by defendants were "sufficiently defined" in spite of certain variations in use), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006); cf. *Boccanfuso* v. *Conner,* 89 Conn. App. 260, 291, 873 A.2d 208 ("slight or immaterial changes or deviations in a portion or portions of a way do not prevent the acquisition of a right-of-way by adverse use so long as the way remains substantially the same throughout the prescriptive period" [internal quotation marks omitted]), cert. denied, 275 Conn. 905, 882 A.2d 668 (2005), quoting 25 Am. Jur. 2d 544–45, Easements and Licenses § 51 (2004).

We will now examine the pleadings and evidence relevant to the defendants' claim to a prescriptive right to turn around their vehicles on the plaintiff's property. In the pleadings, neither party described the turnaround area with any specificity.[4] At trial, Calvin D. Hurd testified regarding several photographs that were admitted

---

[4] The plaintiff alleges in his complaint that the defendants "turn around in the plaintiff's [l]ot" without his permission. The defendants allege in their

as full exhibits and pertained to the turnaround area. Regarding one photograph that depicts the area from his house to West Main Street, he stated: "I would back in here, back down the turn out, and then proceed in a forward manner onto West Main Street." He also indicated the turnaround area in several other photographs. A survey map of the parties' properties was also admitted as a full exhibit into evidence.

In its memorandum of decision, the court described the plaintiff's turnaround area as a "separate paved area . . . that lies directly south of his home and east of the driveway." The court, in its articulation, described the area as depicted on the survey map as "between the house owned by the plaintiff and shown as Existing House #1048 being the northern point . . . to the west which shows an existing garage, to the south which is the south property line of the defendants and to the east which is driveway." The court found that it was in this "general area" that the defendants claimed that they turned their vehicles around. The court found that "[n]o sufficient evidence was submitted into the record to establish with any degree of definiteness the boundary of the area known as the 'turnaround' " and therefore held that the defendants did not establish a prescriptive right to use the turnaround area.

The defendants argue that it appears as if the only required element of a claim for a prescriptive easement, which they failed to establish by a preponderance of the evidence, was the definiteness of the boundary of the turnaround area. They claim on appeal that they established the boundary with reasonable certainty

special defense that they "have been using a turn around on [the plaintiff's property] . . . openly, visibly, continuously and under a claim of right without interruption for a period in excess of fifteen . . . years." Similarly, the defendants allege in their counterclaim that they "have been using a turn around on [the plaintiff's property] . . . ."

because the court was able to describe the exact location of the turnaround area and Calvin Hurd testified how the defendants used it. We are not persuaded.

The statute, § 47-37, requires that the claimed adverse use continue uninterrupted for the prescribed period. For the court to find a prescriptive easement in the defendants' favor, it must be able to identify the defendants' claimed common and ordinary use of the plaintiff's land. Our appellate courts have described that element as defining the bounds of the easement with reasonable certainty. The court found that there was no credible testimony establishing what portion of the plaintiff's land was used by the defendants to turn around, nor was there any credible testimony pointing to how the defendants used the area to turn their vehicles. The evidence before the court included testimony in which Calvin Hurd pointed to a few photographs taken of the parties' properties identifying the turnaround area and testified that he would "back in here [and] back down the turn out . . . ." As noted by the court in its articulation, there was no credible testimony, for example, as to whether the defendants executed a three-point turn, and if so, whether they did so closer to the existing house or closer to the property line, or whether they executed some other maneuver by driving as far over as the existing garage. "Whether the requirements for [an easement by prescription] have been met in a particular case presents a question of fact for the trier of facts. . . . In such cases, the trier's determination of fact will be disturbed only in the clearest of circumstances, where its conclusion could not reasonably be reached." (Citations omitted; internal quotation marks omitted.) *Robert S. Weiss & Co.* v. *Mullins*, 196 Conn. 614, 618–19, 495 A.2d 1006 (1985).

This is not, as the defendants argue, a case of slight or immaterial changes or deviations in the use claimed,

which would otherwise establish a prescriptive easement. Rather, it is a question of whether the defendants proved that their claimed use of an area created a prescriptive easement. The court, as fact finder, reasonably could have concluded that the evidence presented was insufficient for it to determine, with reasonable certainty, what common and ordinary use established the defendants' claimed prescriptive right. Accordingly, it was not clearly erroneous for the court to conclude that the defendants had failed to prove that they had acquired a prescriptive easement to turn their vehicles around on the plaintiff's land.

The defendants, citing *First Union National Bank* v. *Eppoliti Realty Co.*, 99 Conn. App. 603, 610, 915 A.2d 338 (2007), argue that when a trial court has erred in determining the *scope* of an easement, our appellate courts have remanded the case for a hearing limited to a determination of what would constitute a reasonable use of a right-of-way. *First Union National Bank* is distinguishable from the present case because it involved the finding by the trial court of an easement by necessity, which this court upheld, and concerned the need to define the limits on the authorized *use* of that easement, which was a factual inquiry for the trial court to undertake on remand.[5] Id., 609–611. In the

---

[5] The issue in *First Union National Bank* v. *Eppoliti Realty Co.*, supra, 99 Conn. App. 604, was whether the court, when finding that an easement by necessity existed, must describe specifically the scope of the easement. The trial court held that the easement allowed a use for "all general purposes . . . ." Id., 609. This court remanded the case for the court to determine the *scope* of the easement. Id., 611. "Scope" is not defined, but in context can be read to mean "use." The court stated that "[t]he determination of the *scope* of an easement is a question of fact" and immediately thereafter stated that "[t]he *use* of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit." (Emphasis added.) Id., 608.

The issue in the present case is not whether the court adequately described the limits on the use to which the easement could be put, but whether the defendants' failure to produce evidence sufficient to prove the bounds of the claimed easement with reasonable certainty was fatal to their claim of the existence of a prescriptive right.

present case, there is no finding by the trial court that an easement by prescription *exists*, which conclusion we uphold, and therefore, there is no need for us to remand this case for the court to describe the dimensions of the easement. The defendants are not entitled to a remand in order to prove an essential element of a prescriptive easement, since they failed to prove the existence of a prescriptive right during the trial.

The judgment is affirmed.

In this opinion the other judges concurred.

Without an easement, any determination of the use of the easement or its parameters is irrelevant. When, however, an easement has been shown to exist, the nature and boundaries of the use become relevant and must be reasonable. See *Simone* v. *Miller*, 91 Conn. App. 98, 111, 881 A.2d 397 (2005); *Strollo* v. *Iannantuoni*, 53 Conn. App. 658, 660–61, 734 A.2d 144, cert. denied, 250 Conn. 924, 738 A.2d 662 (1999).