# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDDY L. FLONNORY, | § | |
| | § | No. 216, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | ID No. 9707012190 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 5, 2017
Decided: August 23, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 23rd day of August 2017, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1)    The appellant, Freddy L. Flonnory, filed this appeal from the Superior Court's order dated May 16, 2017, denying his motion for correction of sentence. The State has filed a motion to affirm the Superior Court's judgment.

(2)    Flonnory was convicted in 1998 of a double homicide and related offenses that he committed in 1997 when he was eighteen years old. In 2001, this Court reversed the convictions and remanded the matter for a new trial.[1] Flonnory again was convicted and in 2004 he was sentenced, in relevant part, to mandatory

---

[1] *Flonnory v. State*, 778 A.2d 1044 (Del. 2001).

non-parolable life sentences for the first degree murder convictions.[2] Flonnory's convictions and sentences were affirmed on direct appeal in 2006.[3] Since then, Flonnory has filed a total of four motions for postconviction relief under Superior Court Criminal Rule 61, all without success.[4]

(3)    On April 28, 2017, Flonnory filed a motion for correction of sentence, specifically for correction of his life sentences, under Superior Court Criminal Rule 35(a). In support of his motion, Flonnory asked the Superior Court to consider the analysis and reasoning from a 2016 Superior Court decision that was based, in relevant part, on principles underlying a United States Supreme Court opinion, which held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders.[5] On May 16, 2017, the Superior Court issued an order denying the motion for correction of sentence as time-barred under Rule 35(b) and on the basis that Flonnory's life sentences could not be reduced or modified. This appeal followed.

---

[2] *Flonnory v. State*, 893 A.2d 507, 513 (Del. 2006).
[3] *Id.*
[4] *Flonnory v. State*, 2008 WL 3906077 (Del. Aug. 26, 2008) (affirming denial of first postconviction motion); *State v. Flonnory*, 2013 WL 2149885 (Del. Super. Ct. May 15, 2013) (denying second postconviction motion); *State v. Flonnory*, 2015 WL 1406292 (Del. Super. Ct. Comm'r Report and Recommendation Mar. 24, 2015), *adopted in* 2015 WL 3648179 (Del. Super. Ct. June 4, 2015) (summarily dismissing third postconviction motion); *Flonnory v. State*, 2017 WL 945905 (Del. Mar. 9, 2017) (affirming summary dismissal of fourth postconviction motion).
[5] *Miller v. Alabama*, 567 U.S. 460, 479 (2012).

(4)     On appeal, Flonnory argues that the Superior Court abused its discretion when it considered his motion for correction of sentence under Rule 35(b) instead of Rule 35(a).  Rule 35(b) governs a motion seeking a reduction of sentence and has a ninety-day filing period.[6]  Rule 35(a) governs a motion seeking the correction of an illegal sentence and can be filed "at any time."[7]

(5)     We review the Superior Court's denial of a Rule 35 motion for abuse of discretion and review questions of law *de novo*.[8]  In this case, the Superior Court did not explain why it treated Flonnory's motion for correction of sentence under Rule 35(a) as a motion for reduction of sentence under Rule 35(b).  Nonetheless, on appellate review, we find no reason to disturb the Superior Court's order denying the motion.[9]

(6)     Relief under Rule 35(a) is limited to correcting an illegal sentence.[10]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain

---

[6] Del. Super. Ct. Crim. R. 35(b) (reduction of sentence).

[7] *Id.* (a) (correction of sentence).

[8] *Jackson v. State*, 2016 WL 4547896 (Del. Aug. 31, 2016) (citing cases).

[9] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that the Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

[10] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

as to its substance, or is a sentence that the judgment of conviction did not authorize.[11]

(7) Flonnory claims on appeal, as he did in his motion for correction of sentence, that the mandatory non-parolable life sentences imposed for the homicides he committed when he was an eighteen-year old young adult now should be considered ambiguous, contradictory, and unauthorized under Rule 35(a). The claim is without merit. Because Flonnory has not established that he is entitled to the application of juvenile sentencing standards for the crimes he committed as an adult, he cannot establish that he is entitled to the relief he seeks in his motion for correction of sentence.[12]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_James T. Vaughn_
Justice

---

[11] *Id.* (citations omitted).

[12] *See cf. Vickers v. State*, 117 A.3d 516, 520 (Del. 2015) (providing that "[t]he sentencing leniency required by the Supreme Court for criminal conduct in a juvenile's formative years has no application to an adult being sentenced as an adult").

4