J-S75014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.S.S. | : | No. 922 WDA 2017 |

Appeal from the Order Entered May 26, 2017
In the Court of Common Pleas of Allegheny County Civil Division at No(s):
No. FD13-005754-005

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:         **FILED FEBRUARY 2, 2018**

A.A. ("Father") appeals from the order entered May 26, 2017, in the Court of Common Pleas of Allegheny County, which denied his petition to modify custody with respect to his daughter, A.A. ("Child"), born in August of 2008. After careful review, we affirm.

Father and T.S.S. ("Mother") were married in April of 2007. In May of 2008, Father relocated to Canada for new employment. Thereafter, following Child's birth, Mother and Child joined Father in Canada, where they resided until Mother and Father separated in June of 2011. In June of 2012, Mother relocated with Child to Allegheny County, Pennsylvania. Father relocated to Morgantown, West Virginia, in May of 2013.

Since Mother and Father separated, the parties have had a contentious relationship, which has included allegations of abuse and protracted

litigation. On January 20, 2015, Mother and Father filed cross-petitions to modify custody.[1] Father's petition for modification sought shared physical custody of Child, and Mother requested primary physical custody. The trial court conducted a four-day custody trial on July 28, 2015, July 29, 2015, August 20, 2015, and August 27, 2015, at which the trial court heard evidence relating to custody and school choice. On August 18, 2015, the trial court issued an interim order awarding Mother sole legal custody as it pertained to school choice.

On October 27, 2015, the trial court issued its findings of fact and conclusions of law and awarded Mother primary physical custody of Child during the school year. The trial court awarded Father periods of partial custody every other weekend and Wednesday evening until Thursday morning. The parties shared custody of Child during the summer months every other week.

A major consideration for the trial court was its finding that Father had been emotionally and physically abusive toward Mother. The trial court

---

[1] In January of 2014, the parties had also filed cross-petitions to modify custody. The trial court dismissed both petitions by order dated January 15, 2015, as more than 180 days had elapsed from the filing of the custody complaints. *See* Pa.R.C.P. 1915.4(b) ("[W]ithin 180 days of the filing of the complaint, either the court shall automatically enter an order scheduling a trial before a judge or a party shall file a praecipe, motion or request for trial. . . . If neither party files a praecipe, motion or request for trial within 180 days of filing the pleading, the Court shall, *sua sponte* or on motion of a party, dismiss the matter . . . .").

wrote that Father "has historically attempted to control and manipulate Mother by denying access to [Child], withholding physical custody of [Child], and unilaterally changing [Child's] schedule and participation in activities." Findings of Fact, 10/27/15, at 12. Most importantly, the trial court noted that Father's abusive behavior had a direct impact on Child. The trial court described Child as "exceptionally anxious," with physical, social, and emotional vulnerabilities. *Id.* Neither Mother nor Father appealed from the trial court's order.

On July 11, 2016, Father filed a petition for contempt against Mother. In August of 2016, the parties, for a third time in less than three years, filed cross-petitions to modify custody. Again, Father sought shared physical custody of Child, and Mother sought primary physical custody. Moreover, Mother filed a counter-petition for contempt against Father on August 11, 2016. The trial court conducted a hearing on Father's petition for modification of custody and petition for contempt on April 6, 2017, April 7, 2017, and May 3, 2017.[2] At the hearing, Mother and Father both testified, and the trial court conducted an *in camera* interview of Child. Following the hearing, the trial court entered the order complained of on appeal, in which it denied Father's petition for modification of custody. In that same order,

_____

[2] At the beginning of the hearing, Mother withdrew her petition for modification of custody and petition for contempt. Accordingly, the only issues before the trial court were Father's petition to modify custody and petition for contempt against Mother.

the trial court also found Mother in contempt of the October 27, 2015 custody order. The trial court memorialized its findings in an order of court entered on May 26, 2017. Father timely filed a notice of appeal on June 22, 2017, along with a concise statement of errors complained of on appeal.

Father presents the following questions for review:[3]

1. Whether the trial court abused its discretion in relying on the irrelevant past conduct of the parties.

2. Whether the trial court abused its discretion and/or committed an error of law by misinterpreting and misapplying the Section 5328(a) factor analysis; drawing unreasonable conclusion[s] based upon the evidence and/or its incontrovertible factual findings.

3. [Whether] the trial court abused its discretion in analyzing Father's request for modification by failing to appropriately consider evidence of record and in its conclusions in light of findings regarding Mother's violations of previous court orders and Mother's inability to co–parent.

4. Whether the trial court abused its discretion by not affording the appropriate weight or analysis to the child's testimony and alleged preference.

5. Whether the trial court abused its discretion and/or committed an error of law by improperly incorporating the courts' previous 2015 findings.

6. Whether the trial court committed an error of law by not considering all of the evidence and testimony before making its decisions on Father's request for modification and by not properly analyzing Father's request.

_____

[3] Father's Pa.R.A.P. 1925(b) statement included two additional issues, which Father has withdrawn in his brief. Father's Brief at 6 n.1.

Father's Brief at 6 (reordered for ease of disposition).

We consider these issues mindful of our well-settled standard of review:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

***V.B. v. J.E.B.***, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

Moreover, we have stated:

> The discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

***Ketterer v. Seifert***, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting ***Jackson v. Beck***, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

"When a trial court orders a form of custody, the best interest of the child is paramount." ***S.W.D. v. S.A.R.***, 96 A.3d 396, 400 (Pa. Super. 2014) (citation omitted). The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S. § 5328(a):

**(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a)(1–16).

Father's first four issues are related and, therefore, we will address them together. Father first challenges the trial court's consideration of Mother's past allegations of abuse at the hands of Father. Father asserts that the allegations should be afforded little weight because no evidence was presented that the abuse affected the best interest of Child. Father's Brief at 15-16 (citing *Michael T.L. v. Marilyn J.L.*, 525 A.2d 414 (Pa. Super. 1987)). Father contends that the trial court relied upon "outdated, irrelevant prior conduct," which "continues to supply Mother with excuses for her uncooperative, victim-oriented behavior." *Id.* at 18–19.

Father next asserts that the trial court's analysis of the statutory factors is deficient, because it is "based on [the trial court's] ill-articulated suspicions, hyperboles, and vague notions absent support or substantive connection to the facts." Father's Brief at 21-22. Father argues that the trial court erred in ignoring its finding that Mother was in contempt of the previous custody order for failing to cooperate with co-parenting counseling and, instead, gave weighted consideration to its "'suspicions' that Father is controlling." *Id.* at 24.

Father further contends that the trial court erred because it "refused" to consider Mother's contemptuous behavior in making its custody determination. Father's Brief at 27. In support of his position, Father references concerns about Mother's behavior, such as: insisting on face-to-face exchanges, refusing to include Father in legal custody decisions, unilaterally enrolling Child in activities and summer camps, refusing to cooperate in co-parenting counseling, and unilaterally extending her custody time. *Id.* at 32-33.

Finally, Father contends that the trial court gave too much weight to Child's "baseless, unsupported preference," constituting an abuse of discretion. Father's Brief at 38. Father argues that Child's preference was influenced by Mother. Specifically, Father notes that it was Mother's idea that Child have dinner with Father on Friday nights and that "Mother also

planted the seed for [Child's] preference for the schedule to 'stay the same.'" *Id.* at 39.

Although the court is required to give "weighted consideration to those factors which affect the safety of the child" pursuant to 23 Pa.C.S. § 5328(a), we have acknowledged that the amount of weight a court gives any one factor is almost entirely discretionary. *M.J.M. v. M.L.G.*, 63 A.3d 331, 339 (Pa. Super. 2013). Critically, as we stated in *M.J.M.*:

> **It is within the trial court's purview as the finder of fact to determine which factors are most salient and critical in each particular case**. *See A.D. v. M.A.B.,* 989 A.2d 32, 35–36 (Pa. Super. 2010) ("In reviewing a custody order . . . our role does not include making independent factual determinations. . . . In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand."). Our decision here does not change that.

*Id.* (emphasis added).

At their core, we interpret Father's claims as disputes with the trial court's findings of fact and determinations regarding credibility and weight of the evidence. In essence, Father questions the trial court's conclusions and assessments and invites this Court to re-find facts, re-weigh evidence, and/or re-assess credibility to his view of the evidence. This we cannot do. Under the aforementioned standard of review applicable in custody matters, the trial court's findings of fact and determinations regarding credibility and weight of the evidence are not disturbed absent an abuse of discretion. *C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012); *E.R. v. J.N.B.*, 129

A.3d 521, 527 (Pa. Super. 2015). As we stated in **King v. King**, 889 A.2d 630 (Pa. Super. 2005):

> [i]t is not this Court's function to determine whether the trial court reached the 'right' decision; rather, we must consider whether, 'based on the evidence presented, given [sic] due deference to the trial court's weight and credibility determinations,' the trial court erred or abused its discretion. ...

**Id.** at 632 (quoting **Hanson v. Hanson**, 878 A.2d 127, 129 (Pa. Super. 2005)).

After a thorough review of the record, we find no abuse of discretion. The trial court exhaustively analyzed and addressed each factor under Section 5328(a). N.T., 5/3/17, at 234–256. Its findings and determinations regarding the custody factors set forth in Section 5328(a) are supported by competent evidence in the record, and we will not disturb them. **C.R.F.**, 45 A.3d at 443; **E.R.**, 129 A.3d at 527. To the extent Father challenges the weight attributed to any factor by the trial court, we likewise find no abuse of discretion. As stated above, the amount of weight that a trial court gives to any one factor is within its discretion. **M.J.M.**, 63 A.3d at 339.

In his fifth issue, Father alleges that the trial court improperly incorporated its earlier, October 27, 2015 findings of fact. Father's Brief at 19. Father asserts that it was error for the trial court to consider those findings because its 2015 decision was issued twenty months prior to the current custody decision. **Id.** at 20.

We find that Father has waived this issue on appeal. Pennsylvania courts have long held:

> In order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction . . . one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

*In re S.C.B.*, 990 A.2d 762, 767 (Pa. Super. 2010) (citations omitted). In this case, Father presented the October 27, 2015 findings of fact on direct examination, and they were admitted without objection by Mother. N.T., 4/6/17, at 12. At no point during the hearing did Father take issue with the trial court's earlier findings or seek their admission for a limited purpose. Thus, Father has waived the issue on appeal. *S.C.B.*, 990 A.2d at 767.

In his final issue, Father asserts that the trial court applied the wrong burden of proof. Father's Brief at 42. We find this issue waived because Father failed to include it in his concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b)(5)(vii) ("Issues not included in the Statement ... are waived.").[4]

_____

[4] We note that Paragraph 6 of Father's concise statement bears the same heading as his final issue raised on appeal; in Paragraph 6, Father argued
*(Footnote Continued Next Page)*

Even if Father had not waived this claim, he would not be entitled to relief. Because the case at bar was a bench trial, the trial court, not a jury, served as the finder of fact. Upon a merits review, we would presume, therefore, that the trial court knew the law and applied the correct burden of proof. *Commonwealth v. Smith*, 97 A.3d 782, 789 (Pa. Super. 2014). Moreover, we would reject Father's contention that the trial court presumed that Mother should have primary custody of Child. Rather, we would find that the trial court considered the evidence presented and thoroughly analyzed the Section 5328 custody factors.

The trial court's findings and determinations regarding the custody factors are supported by competent evidence in the record. We will not disturb them.

Order affirmed.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

that the trial court erred by not considering all of the evidence and testimony before ruling on his petition for modification. Pa.R.A.P. 1925(b) Statement, 6/22/17, at ¶6. In the corresponding issue on appeal, however, Father argues that the trial court inappropriately allocated the burden of proof. Father's Brief at 42. Because Father presents no argument on appeal related to the issue raised in Paragraph 6 of his concise statement, that issue is waived. Pa.R.A.P. 2119(a); *Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006) ("Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.")

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2018