******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JODI BAKER-GRENIER *v.* DANIEL GRENIER
(AC 34992)

Gruendel, Lavine and Alvord, Js.

*Submitted on briefs December 3, 2013—officially released January 14, 2014*

(Appeal from Superior Court, judicial district of New Haven, Swienton, J. [dissolution judgment]; Hon. James G. Kenefick, Jr., judge trial referee [motion to modify].)

*James F. Cirillo, Jr.,* filed a brief for the appellant (plaintiff).

*Richard W. Callahan,* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Jodi Baker-Grenier, appeals from the judgment of the trial court granting the motion to modify custody and visitation filed by the defendant, Daniel Grenier II.[1] On appeal, the plaintiff claims that the court abused its discretion by finding that (1) there had been a substantial change in circumstances to warrant modification of the existing custody and visitation orders,[2] and (2) modification of the custody and visitation orders was in the best interests of the child. We affirm the judgment of the trial court.

In adjudicating the defendant's postjudgment motion to modify custody, the court, *Hon. James G. Kenefick, Jr.*, judge trial referee, made the following relevant findings of fact. The parties intermarried on February 23, 2005, and are the parents of one child, Anthony, born on June 26, 1998. The court, *Swienton, J.*, rendered judgment dissolving the parties' marriage on March 31, 2009. The judgment of dissolution incorporated the parties' agreement that they would share legal and physical custody of their child and that the defendant would provide the child with support. On April 15, 2011, the defendant filed the present motion to modify custody seeking physical custody of the child with reasonable rights of visitation in the plaintiff. The defendant also filed a motion for a guardian ad litem for the child. The court, *Gould, J.*, appointed a guardian ad litem who filed a motion to have the matter referred to the Family Relations Office of the Court Support Services Division of the Judicial Branch for a comprehensive evaluation. The court, *Abery-Wetstone, J*, granted the motion for an evaluation. The defendant subsequently filed a motion to modify custody seeking sole legal custody of the child, which was denied.

Judge Kenefick held a hearing on the April 15, 2011 motion to modify over several days in the summer of 2012.[3] On the basis of his evaluation, the family relations officer, Brendan Holt, recommended that the parties continue to share joint legal custody with the defendant having primary physical custody and final decision-making authority. The guardian ad litem testified, however, that the plaintiff "harbors too much anger . . . which affects her dealings with" the defendant.

On the basis of the evidence adduced at the hearing on the motion and the demeanor and credibility of the parties, the court found that it was in the best interests of the child to reside with the defendant. In its August 9, 2012 memorandum of decision, the court ordered that the parties share joint legal custody of the child with the defendant having final decision-making authority as to the child. It also issued orders regarding a parenting plan, decision-making responsibilities, miscellaneous parenting plan provisions, child support, the guardian ad litem's fees and costs, and further proceed-

ings. Thereafter, the plaintiff appealed.

"Our standard of review of a trial court's decision regarding custody, visitation and relocation orders is one of abuse of discretion. . . . [I]n a dissolution proceeding the trial court's decision on the matter of custody is committed to the exercise of its sound discretion and its decision cannot be overridden unless an abuse of that discretion is clear. . . . The controlling principle in a determination respecting custody is that the court shall be guided by the best interests of the child. . . . In determining what is in the best interests of the child, the court is vested with a broad discretion. . . . [T]he authority to exercise the judicial discretion under the circumstances revealed by the finding is not conferred upon this court, but upon the trial court, and . . . we are not privileged to usurp that authority or to substitute ourselves for the trial court. . . . A mere difference of opinion or judgment cannot justify our intervention. Nothing short of a conviction that the action of the trial court is one which discloses a clear abuse of discretion can warrant our interference. . . .

"The trial court has the opportunity to view the parties first hand and is therefore in the best position to assess the circumstances surrounding a dissolution action, in which such personal factors as the demeanor and attitude of the parties are so significant. . . . [E]very reasonable presumption should be given in favor of the correctness of [the trial court's] action. . . . We are limited in our review to determining whether the trial court abused its broad discretion to award custody based upon the best interests of the child as reasonably supported by the evidence." (Citations omitted; internal quotation marks omitted.) *Ford* v. *Ford*, 68 Conn. App. 173, 187–88, 789 A.2d 1104, cert. denied, 260 Conn. 910, 796 A.2d 556 (2002).

On the basis of our review of the record, the court's memorandum of decision, its orders, and the briefs and arguments of the parties, we conclude that the court acted well within its discretion when it granted the defendant's motion to modify custody. The court's exercise of its discretion is supported by the evidence.

The judgment is affirmed.

[1] The guardian ad litem for the parties' minor child adopted the legal arguments made in the defendant's appellate brief and requested that the judgment of the trial court be affirmed.

[2] "[Our Supreme Court] has limited the broad discretion given the trial court to modify custody orders under General Statutes § 46b-56 by requiring that modification of a custody award be based upon either a material change of circumstances which alters the court's finding of the best interests of the child . . . or a finding that the custody order sought to be modified was not based upon the bests interests of the child." (Internal quotation marks omitted.) *Kelly* v. *Kelly*, 54 Conn. App. 50, 55, 732 A.2d 808 (1999).

In his appellate brief, the defendant contends that we should not review this claim as the plaintiff herself filed a motion for modification seeking a decrease in the defendant's visitation rights and granting her physical custody and final decision-making responsibility on the basis of a substantial change of circumstances. We agree.

By filing the standard motion for modification form, the plaintiff in essence

admitted that there has been a substantial change in circumstances. "Actions that are induced by a party ordinarily cannot be grounds for error [on appeal]." (Internal quotation marks omitted.) *Martin* v. *Martin*, 101 Conn. App. 106, 120 n.7, 920 A.2d 340 (2007).

[3] The plaintiff represented herself at the hearing.