******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AIMEE L. JEANETTE-BLETHEN *v.* JEFFREY M.
JEANETTE-BLETHEN
(AC 38275)

Lavine, Alvord and Beach, Js.

*Argued January 18—officially released April 4, 2017*

(Appeal from Superior Court, judicial district of New
London, Dolan, J. [dissolution judgment]; Carbonneau,
J. [motion for modification; motion to intervene].)

*Aimee Jeanette-Bimonte*, self-represented, the appel-
lant (plaintiff).

*Susan B. Carr*, for the appellee (defendant).

*Thomas A. Esposito*, with whom was *Clifford Gar-
nett*, for the appellee (intervenor).

*Karen Oliver Damboise*, for the guardian ad litem.

*Opinion*

PER CURIAM. The plaintiff, Aimee L. Jeanette-Blethen,[1] appeals from the postjudgment orders of the trial court, *Carbonneau, J.*, granting the motion of the defendant, Jeffrey M. Jeanette-Blethen,[2] to modify custody with respect to the primary residence of the parties' minor children, and granting the motion of Eileen Martin, the maternal grandmother, to intervene pursuant to General Statutes § 46b-59[3] upon finding that a parent-like relationship existed between her and the minor children. On appeal, the plaintiff claims that the court's factual findings are clearly erroneous and that the court abused its discretion in modifying the custody order that was entered at the time of the dissolution judgment. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The court, *Dolan, J.*, dissolved the parties' six year marriage on November 18, 2010. At the time of the dissolution, the parties had two minor children, ages five and three. The judgment of dissolution incorporated by reference the parties' separation agreement. With respect to custody, the parties agreed that they would share joint legal custody, with the plaintiff having "primary physical custody of the minor children for school purposes . . . ." The defendant, in addition to other specified access to the children, had weekend access for three out of the four weekends each month.

For six years during and following the dissolution proceeding, the plaintiff and the children resided with their maternal grandmother and step-grandfather. During those years, the grandparents provided care for the children, including, inter alia, preparing their meals, bathing them, getting them ready for school, caring for them when they were sick, and transporting them to health care appointments. The grandparents also provided for the children financially.

On September 19, 2014, the defendant filed a motion to modify the custody order, requesting that the court award him primary physical custody of the children. He alleged that there had been a substantial change in circumstances due to the plaintiff's mental health issues, family discord, and change of residency from the grandparents' home to "substandard housing." The maternal grandmother filed a motion to intervene in the parties' family matters on October 17, 2014, which was amended on October 23, 2014. Following a lengthy hearing over several days, Judge Carbonneau granted the maternal grandmother's motion to intervene on June 8, 2015. In its oral ruling, the court found that the grandparents "provided a level of care for the children tantamount to that of a parent." In addition to providing for the children physically and financially, the court found that the grandparents "provided a constant example of strength, discipline, sacrifice, stability, and

unconditional love on which [the children] . . . could rely." The court determined that the maternal grandmother had established and maintained a parent-like relationship with the children. Further, in accordance with the requirements of § 46b-59 (b), the court found that the children would suffer real and significant harm if it denied the motion to intervene.

The hearing then continued for several more days on the defendant's motion to modify the 2010 custody order. The parties and several witnesses testified, and multiple exhibits were admitted into evidence. The court granted the defendant's motion in a written decision issued August 6, 2015. In that decision, the court noted that it "carefully assessed the credibility, attitude and demeanor of the various witnesses and considered the admitted exhibits, assigning all due weight." The court further noted that it found the "[defendant's] and intervening grandmother's testimony credible. The court particularly credits the calm but forceful testimony and opinions of the [guardian ad litem] and the informed, thoughtful and entirely persuasive testimony of Christine Willett, [a teacher of one of the minor children]." Additionally, the court made the following statement: "The court considered all applicable law, particularly [General Statutes] §§ 46b-56 about child custody, 46b-62 about the award of attorney's fees, 46b-84 and Connecticut's Child Support Guidelines about child support, and 46b-86 about modification. The court took judicial notice of the entire court file." The court then issued its ruling, ordering, inter alia, that the parties would continue to share joint legal custody of the minor children, but that the defendant would have primary physical custody of the minor children. The plaintiff, in addition to other specified access to the children, had weekend access for three out of the four weekends each month. This appeal followed.[4]

The plaintiff challenges the factual findings of the court and argues that the court abused its discretion in granting the defendant's motion for modification of the custody order. "The standard of review in family matters is well settled.[5] An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed. . . . Therefore, to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Footnote added; internal quotation marks omitted.) *Emerick* v. *Emerick*, 170 Conn. App. 368, 378,      A.3d (2017).

After a careful review of the record, transcripts, briefs and oral argument, and having afforded the plaintiff's additional claims of error the appropriate scope of review, we conclude that the court's factual findings were not clearly erroneous with respect to the maternal grandmother's motion to intervene and that it did not abuse its discretion in granting the defendant's motion to modify custody. The court's exercise of its discretion is supported by the evidence.

The judgment is affirmed.

[1] The plaintiff remarried after the parties divorced and is now known as Aimee Jeanette-Bimonte.

[2] The defendant is now known as Jeffrey Blethen.

[3] General Statutes § 46b-59 (b) provides in relevant part: "Any person may submit a verified petition to the Superior Court for the right of visitation with any minor child. Such petition shall include specific and good-faith allegations that (1) a parent-like relationship exists between the person and the minor child, and (2) denial of visitation would cause real and significant harm. . . . [T]he court shall grant the right of visitation with any minor child to any person if the court finds after hearing and by clear and convincing evidence that a parent-like relationship exists between the person and the minor child and denial of visitation would cause real and significant harm."

[4] We note that the guardian ad litem for the minor children filed a statement pursuant to Practice Book § 67-13 indicating that she adopts the briefs submitted by the defendant and the intervening maternal grandmother.

[5] "Our standard of review of a trial court's decision regarding custody, visitation and relocation orders is one of abuse of discretion. . . . The controlling principle in a determination respecting custody is that the court shall be guided by the best interests of the child. . . . In determining what is in the best interests of the child, the court is vested with a broad discretion." (Internal quotation marks omitted.) *Baker-Grenier* v. *Grenier*, 147 Conn. App. 516, 519, 83 A.3d 698 (2014).