******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DIANE DELENA *v.* GREGORY
GRACHITORENA ET AL.
(AC 44914)

Moll, Clark and DiPentima, Js.

*Syllabus*

The plaintiff grandmother appealed to this court from the order of the trial
court denying her petition for visitation with her minor grandchildren
brought pursuant to statute (§ 46b-59). The plaintiff, whose testimony
was the only evidence presented at the hearing on the petition, claimed
that she had had visitation with the children before the termination
of the parental rights of the children's biological parents but that the
defendants ended that visitation when they became the children's legal
guardians. On appeal, the plaintiff claimed that the court improperly
applied the factors set forth in § 46b-59 in determining that she did
not have a parent-like relationship with the children and improperly
emphasized the length of time since she had last seen them. *Held* that
the trial court did not err in denying the plaintiff's petition for visitation
with the children, as it found that the plaintiff had not demonstrated,
by clear and convincing evidence, that she had a parent-like relationship
with them: the court, which found the plaintiff's testimony not credible,
determined that the plaintiff had seen the children once in four years
and that her relationship with them had changed substantially from
when it started in that she had had almost no contact with them since
the defendants became their legal guardians; moreover, contrary to the
plaintiff's assertions, the record supported the court's finding that the
plaintiff had seen the children only once in four years, and it reasonably
could be inferred from the court's decision that, pursuant to the factors
in § 46b-59 (d), the court considered whether the plaintiff had had regular
contact with and a close and substantial relationship with them; further-
more, because the court found that no parent-like relationship with the
children existed, it was not required to determine, as the plaintiff
claimed, whether the denial of the visitation petition would result in
real and significant harm to the children.

Argued September 7—officially released October 25, 2022

*Procedural History*

Petition for the right of visitation with two minor
children for whom the defendants are the legal guard-
ians, brought to the Superior Court in the judicial dis-
trict of New London at Norwich, where the court, *New-
son, J.*, denied the petition and rendered judgment
thereon, from which the plaintiff appealed to this court.
*Affirmed.*

*Alexandra C. Ritter*, for the appellant (plaintiff).

*Opinion*

MOLL, J. The plaintiff, Diane Delena, appeals from the judgment of the trial court denying her petition for visitation with her two minor grandchildren (children) brought pursuant to General Statutes § 46b-59.[1] On appeal, the plaintiff claims that the trial court erred in denying her petition for visitation in that the court improperly applied the factors set forth under § 46b-59 when it determined that the plaintiff did not meet her burden to demonstrate by clear and convincing evidence that she has a parent-like relationship with the children.[2] We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On April 6, 2021, pursuant to § 46b-59, the plaintiff filed a verified petition for visitation with the children.[3] The plaintiff alleged that the defendants, Gregory Grachitorena and Leticia Grachitorena, who are the children's paternal grandfather and stepgrandmother, respectively, became the children's legal guardians after the parental rights of the children's biological parents were terminated in 2017 (termination of parental rights).[4] The plaintiff further alleged that she had had visitation with the children prior to the termination of parental rights but that the defendants had abruptly terminated her visitation once they became the legal guardians of the children. In addition, the plaintiff alleged facts seeking to demonstrate that she had a parent-like relationship with the children and that denying her visitation would cause real and significant harm.

A hearing regarding the plaintiff's petition was held on August 5, 2021.[5] The only evidence presented at that hearing was the plaintiff's testimony. At that hearing, the plaintiff testified that she believed that the Department of Children and Families (department) did not award her custody of the children after the parental rights of the biological parents had been terminated because she was not a Connecticut resident and, thus, not a resource, during the period of the termination proceedings from 2014 through 2017.[6]

The plaintiff also testified about her relationship with the children, focusing mainly on events that occurred before the termination of parental rights. The plaintiff testified that, for a period before the termination proceedings began, she traveled back and forth between Tennessee and Connecticut to be with her daughter, the children's mother, to help take care of the children. The plaintiff also testified that while she maintained a residence in Connecticut, she lived in Tennessee. The plaintiff testified that, until the termination proceedings began in 2014, in regard to the children, she provided transportation to and from day care, provided swimming and dancing lessons, took them shopping and to

medical appointments, taught them how to ride a bike, got them baptized, took them on various recreational activities, and provided financial assistance to her daughter for the care of the children. The plaintiff also testified that she continued visiting the children during the termination proceedings, but that once the defendants became the legal guardians of the children, they denied her visitation despite her several attempts to arrange visitation.

As to the last time that she had seen the children, the plaintiff offered conflicting testimony. At one point, the plaintiff testified that she last saw the children in a parking lot with the defendant Leticia Grachitorena before the onset of the COVID-19 pandemic, presumably in 2019. Later, the plaintiff testified that "[t]he last time [the children] saw me they were screaming, crying, begging me not to let [them] go . . . ." When asked by the court to specify when that event had occurred, the plaintiff testified that it happened in November, 2017.

On August 6, 2021, the trial court, *Newson, J.*, denied the plaintiff's petition for visitation. The court concluded that, "[b]ased on [the plaintiff's] testimony, the court determines that it does not find it credible that the plaintiff has recently had a parent-like relationship [with the children]. By her own admission, her current relationship with the children has changed substantially from when it started. [The department] did not consider her a Connecticut resident. [The department] also took custody of the minor children seven years ago [in 2014], and the plaintiff has only seen the children once in four years. The court cannot make a finding that there is now a parent-like relationship to meet that statutory burden." This appeal followed.

On appeal, the plaintiff claims that the trial court erred in denying her petition. Specifically, the plaintiff argues that the court improperly applied the factors set forth in § 46b-59 when it determined that she did not meet her burden to demonstrate by clear and convincing evidence that she has a parent-like relationship with the children. The plaintiff also contends that the court placed improper emphasis on the length of time since she has seen the children. We disagree.

"Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Jeanette-Blethen* v. *Jeanette-Blethen*, 172 Conn. App. 98, 102, 159 A.3d 236 (2017); see also *DiGiovanna* v. *St. George*, 300 Conn. 59, 69, 12 A.3d

900 (2011) (indicating that appellate review of determinations as to whether parent-like relationship and harm exist as required by § 46b-59 is subject to clearly erroneous standard).

Relevant here, § 46b-59 (c) provides nine nonexclusive factors that a court may consider when determining whether there is a parent-like relationship between the person seeking visitation and the minor child. Section 46b-59 (c) provides that a court "may consider, but shall not be limited to . . . (1) The existence and length of a relationship between the person and the minor child prior to the submission of a petition pursuant to this section; (2) The length of time that the relationship between the person and the minor child has been disrupted; (3) The specific parent-like activities of the person seeking visitation toward the minor child; (4) Any evidence that the person seeking visitation has unreasonably undermined the authority and discretion of the custodial parent; (5) The significant absence of a parent from the life of a minor child; (6) The death of one of the minor child's parents; (7) The physical separation of the parents of the minor child; (8) The fitness of the person seeking visitation; and (9) The fitness of the custodial parent." In addition, § 46b-59 (d) provides that, "[i]n determining whether a parent-like relationship exists between a grandparent seeking visitation pursuant to this section and a minor child, the Superior Court may consider, in addition to the factors enumerated in subsection (c) of this section, the history of regular contact and proof of a close and substantial relationship between the grandparent and the minor child."

Of emphasis in the court's decision was its consideration of the factors set forth in § 46b-59 (c) (1) and (2), particularly the length of time since the plaintiff has had contact with the children. The court found the plaintiff's testimony that she had a recent parent-like relationship with the children not credible, determining that her relationship with the children has "changed substantially from when it started." The court noted that the department did not consider the plaintiff a Connecticut resident at the time of the termination of parental rights in 2017, that the department took custody of the children in 2014, and that the plaintiff had seen the children only "once in four years."[7] Section 46b-59 (c) does not require a court to consider all nine factors enumerated, or to place greater emphasis on some factors over others. Consequently, the court did not err when it concluded that it could not find that the plaintiff had shown by clear and convincing evidence that she has a parent-like relationship with the children, in part because of the length of time since the plaintiff had seen the children and because her relationship with them had "changed substantially from when it started."

The plaintiff's testimony was subject to a credibility determination by the court. "[I]t is the exclusive province of the trier of fact to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony." (Internal quotation marks omitted.) *DE Auto Transport, Inc.* v. *Eurolite, LLC*, 186 Conn. App. 270, 276, 199 A.3d 92 (2018), cert. denied, 330 Conn. 960, 199 A.3d 560 (2019). The court stated that, "[b]ased on [the plaintiff's] testimony," it did not find "it credible that the plaintiff has recently had a parent-like relationship" with the children. From this express language, because the only evidence presented at the hearing was the plaintiff's testimony, it reasonably can be inferred that the court did not find the plaintiff's testimony supporting the existence of a parent-like relationship with the children credible.

The plaintiff next argues that the court was required to consider, in addition to the factors in § 46b-59 (c), the factors in § 46b-59 (d), which the court failed to do. It reasonably can be inferred from the court's decision that, pursuant to § 46b-59 (d), it considered whether the plaintiff had had "regular contact" and a "close and substantial relationship" with the children. As noted previously, the court concluded that the plaintiff's relationship with the children had changed "substantially from when it started," in that she had had almost no contact with the children since the defendants became their legal guardians in 2017. Thus, we are not convinced that the court committed any error under § 46b-59 (d).

Additionally, the plaintiff argues that the court erred in finding that she last saw the children in 2017, instead asserting that she last saw the children in 2019. Contrary to the plaintiff's argument, however, the court did not make a finding that she last saw the children in 2017; rather, it found that she "has only seen the children once in four years" (i.e., the four years prior to the court's August 6, 2021 ruling on the plaintiff's petition for visitation). The court's finding does not specify when the plaintiff last saw the children, and it can be interpreted to mean that the last contact was in 2019. In any event, assuming, arguendo, that the court found that the plaintiff last saw the children in 2017, the record supports that finding. As noted previously, the plaintiff gave conflicting testimony as to when she last saw the children; the plaintiff testified separately that she last saw the children (1) in 2017 and (2) immediately before the onset of the COVID-19 pandemic. It was within the province of the court to resolve this inconsistent testimony. See, e.g., *Hospital Media Network, LLC* v. *Henderson*, 209 Conn. App. 395, 430, 268 A.3d 657 (2021), cert. denied, 343 Conn. 916, 274 A.3d 867 (2022); id. ("a trier of fact is free to credit one version of events over the other, even from the same witnesses" (internal quotation marks omitted)).

The plaintiff further contends that the court failed to find whether denial of her petition would cause "real and significant harm" to the children. Section 46b-59 (b) requires that a person seeking visitation allege specific and good faith allegations, and show by clear and convincing evidence, that both a parent-like relationship exists between the person and the minor child and that denial of visitation would cause "real and significant harm" to the minor child. Failure to meet this burden on either of the two elements warrants denial of a petition for visitation. Therefore, the court, having found that no such parent-like relationship exists between the plaintiff and the children, was not required to consider whether denial of the petition would cause "real and significant harm." General Statutes § 46b-59 (b).

In sum, we conclude that the court did not err when it found that the plaintiff had not satisfied her burden of showing by clear and convincing evidence that she has a parent-like relationship with the children and in denying the plaintiff's petition for visitation.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 46b-59 (b) provides in relevant part: "Any person may submit a verified petition to the Superior Court for the right of visitation with any minor child. Such petition shall include specific and good-faith allegations that (1) a parent-like relationship exists between the person and the minor child, and (2) denial of visitation would cause real and significant harm. . . . [T]he court shall grant the right of visitation with any minor child to any person if the court finds after hearing and by clear and convincing evidence that a parent-like relationship exists between the person and the minor child and denial of visitation would cause real and significant harm."

[2] The defendants, Gregory Grachitorena and Leticia Grachitorena, did not file a brief in this court. We therefore decide this appeal on the basis of the record, the plaintiff's brief and appendix, and the plaintiff's oral argument.

[3] In an affidavit accompanying the petition, the plaintiff averred that the children were born in 2010 and 2012.

[4] During the hearing held on the petition, the plaintiff testified that termination proceedings began in 2014 and that the parental rights of the children's biological parents were terminated in 2017.

[5] The record reveals that the defendants did not file appearances in this matter and did not attend the August 5, 2021 hearing.

[6] The plaintiff testified that, at the relevant times, she resided in Tennessee, Connecticut, and New York.

[7] Additionally, the plaintiff argues that the court "improperly weighed" the department's decision not to consider the plaintiff a resource because she was not a Connecticut resident. As noted, the court was not required to consider only the nonexclusive factors enumerated in § 46b-59 (c) and, therefore, was permitted to consider other relevant factors related to the plaintiff's relationship with the children. See *Firstenberg* v. *Madigan*, 188 Conn. App. 724, 731, 205 A.3d 716 (2019) (noting that nine factors enumerated in § 46b-59 (c) are "nonexclusive").