******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RICHARD FINKELSTEIN *v.* 45 LAKE DRIVE, LLC
## (AC 47992)

Elgo, Moll and DiPentima, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment for the defendant on his complaint alleging, inter alia, a prescriptive easement over the defendant's property pursuant to statute (§ 47-37). The plaintiff claimed, inter alia, that the court improperly determined that his use of the defendant's property was not open and visible and continuous and uninterrupted for fifteen years. *Held*:

The trial court's finding that the plaintiff's use of the defendant's property was not open and visible was not clearly erroneous, as the plaintiff presented no evidence that he maintained the area where he crossed the defendant's property and he left no physical conditions to put the prior owner or the defendant on notice of his use, and the prior owner of the defendant's property had no knowledge of the plaintiff's use of the alleged easement until the plaintiff informed him of the use upon the sale of the property to the defendant.

The trial court's finding that the plaintiff's use of the defendant's property was not continuous and uninterrupted for fifteen years was not clearly erroneous, as the court discredited the plaintiff's testimony that he biannually crossed the defendant's property to reach the rear of his property for yardwork, and there was ample support in the record for the court's finding that the plaintiff used the defendant's property only sporadically and intermittently.

The trial court properly determined that the plaintiff failed to establish the boundaries of the alleged prescriptive easement with reasonable certainty, as the plaintiff presented only his own testimony and several exhibits, which the court found to be inadequate.

Argued September 4—officially released October 14, 2025

*Procedural History*

Action for, inter alia, a prescriptive easement, and for other relief, brought to the Superior Court in the judicial district of Middlesex, where the court, *Hon. Edward S. Domnarski*, judge trial referee, granted the

plaintiff's motion to file an amended substitute complaint; thereafter, the case was tried to the court, *Swienton, J.*; judgment for the defendant, from which the plaintiff appealed to this court. *Affirmed.*

*James Colin Mulholland*, for the appellant (plaintiff).

*Craig C. Fishbein*, for the appellee (defendant).

*Opinion*

MOLL, J. The plaintiff, Richard Finkelstein, appeals from the judgment of the trial court, rendered following a bench trial, in favor of the defendant, 45 Lake Drive, LLC, on count one of the plaintiff's amended substitute complaint alleging a prescriptive easement over the defendant's property. On appeal, the plaintiff claims that the court improperly determined that (1) his use of the defendant's property was not (a) open and visible and (b) continuous and uninterrupted for fifteen years, and (2) he failed to establish the bounds of the alleged prescriptive easement with reasonable certainty.[1] We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed facts, as found by the trial court, and procedural history are relevant to our resolution of this appeal. Since November, 1998, the plaintiff has owned the property located at 43 Lake Drive in East Hampton. The plaintiff's property contains a small cottage. The cottage was occupied by a tenant when the

---

[1] The plaintiff further claims that the court improperly determined that his use of the defendant's property was not done under a claim of right. Because we conclude that the court properly determined that the plaintiff failed to establish that the other statutory elements of a prescriptive easement claim were satisfied, we need not address the claim of right issue. See *Atlantic St. Heritage Associates*, *LLC* v. *Atlantic Realty Co.*, 216 Conn. App. 530, 540, 285 A.3d 1128 (2022) ("[t]he well established statutory elements necessary to establish an easement by prescription [pursuant to General Statutes § 47-37] are that the use is (1) open and visible, (2) continuous and uninterrupted for fifteen years, and (3) engaged in under a claim of right" (internal quotation marks omitted)).

plaintiff purchased the property; however, the tenant subsequently moved out in December, 1998, and the plaintiff took control of the house and started renovations in January, 1999. In September, 2021, the defendant limited liability company purchased, and is the record owner of, the property located at 45 Lake Drive in East Hampton, which borders the plaintiff's property.

There is a separation of approximately five feet between the southerly line of the defendant's property and the northern corner of the plaintiff's home. As there is limited space on the sides of the plaintiff's cottage, the plaintiff cannot access the rear of his property using a vehicle over his property only. There formerly was a split rail fence separating the parties' properties, but it was destroyed in some sections, which left enough room for the plaintiff to cross the defendant's property and thereby enter the rear of his own property. The plaintiff built a stockade fence in 2016, which ran along the common border of 43 and 45 Lake Drive, but there remained an open area for the plaintiff to cross the defendant's property and access the rear of his property. Blocking the open area was a net fence that the plaintiff removed at his convenience to cross the defendant's property and enter into the back of his own property.

The plaintiff claimed that, from 1999 until 2022, he crossed the defendant's property over the common border of the parties' properties various times whenever he wished to drive his truck into his backyard or to facilitate access to the back of his property to contractors who used equipment or vehicles. James St. John, who owned 45 Lake Drive from July, 2012, until the defendant's purchase in September, 2021, had not been made aware of the plaintiff's use of the common border until August, 2021, during the final walkthrough for the sale to the defendant. Before the closing, on August 19, 2021, the plaintiff informed the defendant that he

possessed a prescriptive easement that enabled him to pass through 45 Lake Drive and into the back of his property. Despite negotiations between the defendant's attorney and St. John's attorney, the warranty deed to 45 Lake Drive did not contain any language granting or referring to an easement related to the plaintiff's use of such property.

After purchasing 45 Lake Drive, the defendant performed extensive renovations to the dwelling located on the property, as well as to the property itself. In 2022, the defendant erected a fence that made it impossible for the plaintiff to continue crossing its property to access the rear of his property.

On January 31, 2022, the plaintiff commenced this action. The plaintiff's three count amended substitute complaint, which the trial court, *Hon. Edward S. Domnarski*, judge trial referee, granted the plaintiff permission to file on September 6, 2022, alleged the following claims against the defendant: (1) a prescriptive or adverse easement (count one);[2] (2) an implied easement (count two);[3] and (3) malicious erection of structures (count three).[4] In support of his prescriptive easement claim, which is the subject of this appeal, the plaintiff alleged that his use of the defendant's property was open, visible, continuous, uninterrupted for the fifteen year statutory period, and made under a claim of right. On October 20, 2022, the defendant filed an answer leaving the plaintiff to his proof as to his material allegations.[5]

---

[2] The plaintiff cited the quiet title statute, General Statutes § 47-31, in asserting his easement claims.

[3] Prior to trial, the plaintiff withdrew his implied easement claim.

[4] The court, *Swienton, J.*, rendered judgment in the defendant's favor on the plaintiff's malicious erection of structures claim. The plaintiff does not challenge on appeal that portion of the court's judgment.

[5] The defendant also asserted several special defenses. On March 2, 2023, the plaintiff filed a motion to strike all of the defendant's special defenses, which the court granted on May 16, 2023.

The case was tried to the court, *Swienton, J.*, on March 5, 2024. The court heard testimony from the plaintiff, among other witnesses, and admitted several exhibits in full into the record. On July 31, 2024, the court issued its memorandum of decision rendering judgment in favor of the defendant on the plaintiff's prescriptive easement claim. The court determined in relevant part that the plaintiff failed to establish, by a preponderance of the evidence, (1) that his use of the defendant's property was open and visible, (2) that his use of the defendant's property was continuous and uninterrupted for fifteen years, and (3) the bounds of the alleged prescriptive easement with reasonable certainty. This appeal followed. Additional facts will be set forth as necessary.

Before addressing the plaintiff's claims, we set forth the applicable standard of review. "Whether a right of way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered. . . . When the factual basis of a trial court's decision [regarding the existence of a prescriptive easement] is challenged, our function is to determine whether, in light of the pleadings and evidence in the whole record, these findings of fact are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Citation omitted; internal quotation marks omitted.) *Slack* v. *Greene*, 294 Conn. 418, 426–27, 984 A.2d 734 (2009). "The burden is on the party claiming a prescriptive easement to prove all of the elements by a preponderance of the evidence.

. . . Whether the requirements for such a right have been met in a particular case presents a question of fact for the trier of facts. . . . In such cases, the trier's determination of fact will be disturbed only in the clearest of circumstances, where its conclusion could not reasonably be reached." (Citation omitted; internal quotation marks omitted.) *Ventres* v. *Goodspeed Airport, LLC*, 275 Conn. 105, 125, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S. Ct. 1913, 164 L. Ed. 2d 664 (2006).

I

The plaintiff first claims that the trial court erred in concluding that he did not establish that his use of the defendant's property was (1) open and visible and (2) continuous and uninterrupted for fifteen years. We disagree.

General Statutes § 47-37 provides: "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." "The well established statutory elements necessary to establish an easement by prescription are that the use is (1) open and visible, (2) continuous and uninterrupted for fifteen years, and (3) engaged in under a claim of right." (Internal quotation marks omitted.) *Atlantic St. Heritage Associates, LLC* v. *Atlantic Realty Co.*, 216 Conn. App. 530, 540, 285 A.3d 1128 (2022). "It is axiomatic that, in determining whether a prescriptive easement has vested, the nature of the easement will dictate the type of evidence that is required to prove it. Cf. *Missionary Society of the Diocese of Connecticut* v. *Coutu*, 134 Conn. 576, 584, 59 A.2d 732 (1948) ('[t]he circumstances of this class of cases are so varied, and it is so important that every circumstance should be taken into consideration, that we doubt the propriety of laying down universal and

absolute rules of law as to the effect in evidence of particular facts' . . . )." *Slack* v. *Greene*, supra, 294 Conn. 429. Therefore, whether a plaintiff has satisfied the elements of § 47-37 is a case-by-case, fact-based inquiry.

In addressing the plaintiff's contentions that his use of the defendant's property was open and visible, and continuous and uninterrupted for fifteen years, the court found that the defendant's property was used to access the rear of the plaintiff's property when the plaintiff had (1) a shed delivered in 1999, (2) tree work done in 2008 and 2018, (3) a soil delivery in an unspecified year, (4) a propane tank delivery in an unspecified year, and (5) a wooden stockade fence installed in 2016. Additionally, the court stated that "[t]he plaintiff submitted several photographs into evidence. One photo[graph] showed his truck parked in the rear of his lot . . . . Another showed a bucket truck for tree work in the rear of his lot. . . . Both would have required crossing 45 Lake Drive to access the rear of his lot. Other photographs showed a mound of soil in the backyard, a new propane tank, and flats of stones in the rear of the lot which the plaintiff testified necessitated trucks crossing 45 Lake Drive. However, other than his testimony, no further evidence was submitted to substantiate his claims."

The court further stated that the plaintiff "[testified] that he cleared the rear of his property twice a year, spring and fall. The court does not find this credible. There was no evidence to corroborate this claim other than one photo[graph] of his truck in the rear of his property. . . . [P]hotographs of the rear of his property [admitted into evidence] indicate little to no upkeep, weeds, and overgrowth. These are seasonal properties, and there is no evidence to support or suggest that the plaintiff was open and visible in his usage of the defendant's property." (Citation omitted.)

On the basis of the evidence before it, the court determined that the plaintiff failed to demonstrate that his use of the defendant's property "was open and visible, and continuous and uninterrupted for fifteen years. No evidence was presented that the plaintiff ever maintained the area he claims to have the right to use. There were no physical conditions sufficiently open and visible to put the owners of 45 Lake Drive on notice that there was a use that may be adverse to their rights. . . . Due to the seasonal nature of the properties, as well as the sporadic and intermittent use of the defendant's property, the court cannot find that the plaintiff's use of the defendant's property was open, visible, continuous and [un]interrupted. The plaintiff—when it suited him—on no regular schedule drove his truck to the back of his property across the defendant's property." (Citation omitted.) The court further stated: "It simply cannot be the case that an owner of a property can cross the property of another for no other reason than his own convenience, and then claim a prescriptive easement. True, it is far easier [for the plaintiff] to drive his truck into [his] backyard to remove debris, or to install a propane tank, or to erect a fence. However, he still can walk into [his] backyard to perform these tasks."[6]

## A

The plaintiff asserts that the court improperly concluded that he failed to demonstrate that his use of the defendant's property was open and visible. The plaintiff principally argues that he used the defendant's property during the daytime, often during the week, and not in

---

[6] The plaintiff argues that whether his use of the defendant's property was convenient or that he could access the back of his property on foot is not relevant to a prescriptive easement analysis. We conclude that these observations by the court are, at most, dicta and are not determinative regarding whether the plaintiff is entitled to the grant of a prescriptive easement.

secret. He further asserts that the court erred in its reasoning that his use was not open and visible, as he claims that no case law requires physical manifestations of such use on the easement area for this element to be satisfied. The defendant responds that the court's finding that the plaintiff's use was not open and visible was not clearly erroneous. We agree with the defendant.

"The purpose of the open and visible use requirement is to give the owner of the servient land, in a claim for a prescriptive easement, knowledge and full opportunity to assert his own rights. . . . To satisfy this requirement, the adverse use must be made in such a way that a reasonably diligent owner would learn of its existence, nature, and extent. Open generally means that the use is not made in secret or stealthily. It may also mean that it is visible or apparent. . . . An openly visible and apparent use satisfies the requirement even if the neighbors have no actual knowledge of it. A use that is not open but is so widely known in the community that the owner should be aware of it also satisfies the requirement. . . . Concealed . . . usage cannot serve as the basis [for] a prescriptive claim because it does not put the landowner on notice." (Internal quotation marks omitted.) *Viering* v. *Groton Long Point Assn., Inc.*, 223 Conn. App. 849, 874, 311 A.3d 215, cert. denied, 349 Conn. 901, 312 A.3d 586 (2024).

"This court previously has held . . . that a party's maintenance of a disputed area, including planting and maintaining vegetation, may demonstrate an open and visible use of that area. See, e.g., *Padula* v. *Arborio*, [219 Conn. App. 432, 460, 296 A.3d 276] (plaintiffs removed soil and grass, installed sprinkler system, laid down new sod, dug out old tree and planted new trees, and replaced fence, among other things, in disputed area) [cert. denied, 348 Conn. 903, 301 A.3d 528 (2023)]; *98 Lords Highway, LLC* v. *One Hundred Lords Highway, LLC,* 138 Conn. App. 776, 811, 54 A.3d 232 (2012)

(party made permanent improvements on land, including cleaning area of underbrush, cutting some trees down, planting lawn, trees, and garden, and installing fence in disputed area); *Eberhart* v. *Meadow Haven, Inc.*, 111 Conn. App. 636, 642, 960 A.2d 1083 (2008) (plaintiffs planted and maintained hedges and trees and maintained lawn, among other things, in disputed area); *Schlichting* v. *Cotter*, 109 Conn. App. 361, 367–69, 952 A.2d 73 (plaintiff pruned and removed trees, planted and maintained plants, removed poison ivy from trees and removed sumac from foliage, raked leaves, mowed, fertilized and maintained lawn, and planted, cultivated and maintained garden, among other things, in disputed area), cert. denied, 289 Conn. 944, 959 A.2d 1009 (2008)." Id., 875–76.

An instructive example of the type of potentially adverse use that is not open and visible can be found in *Mierzejewski* v. *Brownell*, 102 Conn. App. 413, 423–24, 925 A.2d 1126, cert. denied, 284 Conn. 917, 931 A.2d 936 (2007). In that case, the plaintiff argued that he had acquired disputed land by way of prescriptive easement due to the installation of a septic system underneath part of the defendant's land. Id., 416–17. The trial court found that there were no physical conditions present to show that the septic tank was underground in the disputed territory. Id., 423–24. Further, because the land around the septic tank "was sloping and uneven, the [trial] court found that the mound created by the septic tank appeared to be an unimproved portion of the parcel. Additionally, the [trial] court found that trees and other vegetation had grown on the septic mound, adding to its unimproved nature. The [trial] court further found that the elevated area lacked any pump, manhole cover, standpipe or other evidence that would indicate the presence of a septic tank beneath it." Id., 424. This court therefore held that these physical indicia demonstrated

that the trial court's finding that the septic tank was not open and visible was not clearly erroneous. Id., 424–25.

On the basis of the foregoing, we leave undisturbed the court's finding that the plaintiff's use of the defendant's property was not open and visible. The court found that (1) the plaintiff presented no evidence that he maintained the area where he crossed the defendant's property to reach the rear of his property and (2) the plaintiff left no physical conditions to put St. John or the defendant on notice of his use.[7] Although our case law does not explicitly require these specific findings for the open and visible element to be met, these findings made together support the court's determination that the plaintiff's use was not open and visible. See *Viering* v. *Groton Long Point Assn., Inc.*, supra, 223 Conn. App. 875–76; *Mierzejewski* v. *Brownell*, supra, 102 Conn. App. 424–25.

Additionally, the fact that St. John, the prior owner of 45 Lake Drive, had no knowledge of the plaintiff's use of the alleged easement for nine years until the plaintiff informed him of such use upon the sale to the defendant also supports the court's determination that it was not open and visible. Although actual knowledge of possibly adverse use is not a requirement to satisfy this element; see *Slack* v. *Greene*, supra, 294 Conn. 427; the lack thereof in the present case supports the finding

---

[7] The court also appears to suggest that the seasonal nature of a property may factor into an *open and visible* determination, stating that "[t]hese are seasonal properties, and there is no evidence to support or suggest that the plaintiff was open and visible in his usage of the defendant's property." Our Supreme Court has opined, however, that seasonal use is relevant to whether the use of an alleged prescriptive easement was *continuous and uninterrupted.* See *Roche* v. *Fairfield*, 186 Conn. 490, 501 n.11, 442 A.2d 911 (1982) (holding that continuous and uninterrupted element was met where adverse use was merely seasonal). Insofar as the court imported the seasonal nature of the properties in examining the open and visible element, we do not deem that reliance to undermine its determination that the plaintiff failed to satisfy this element.

that the plaintiff put neither St. John nor the defendant on notice.

In sum, we conclude that the court's finding that the plaintiff's use of the defendant's property was not open and visible, such that it would put a reasonably diligent owner on notice of such use, was not clearly erroneous.

B

The plaintiff also claims that the court erred in concluding that he did not establish that his use of the defendant's property was continuous and uninterrupted for fifteen years. The plaintiff principally argues that the court incorrectly discredited his testimony that, from 1999 to 2020, he drove through the common border of the parties' properties twice per year in the spring and fall to clean up his backyard. Further, the plaintiff argues that the evidence submitted demonstrates that his use of the defendant's property was continuous and uninterrupted.[8] The defendant responds that the court's finding that the plaintiff's use was not continuous and uninterrupted because he only used the defendant's property sporadically is not clearly erroneous. We agree with the defendant.

First, with respect to the plaintiff's assertion that the court improperly discredited his testimony concerning his alleged annual spring and fall cleanups of his backyard, we note that "[i]t is the exclusive province of the trier of fact to weigh the conflicting evidence, determine

[8] The plaintiff contends that such evidence includes "testimony and other evidence demonstrating that the usual purposes underlying the plaintiff's use of [45 Lake Drive] for ingress and egress to the rear of his lot was for maintenance, storage (e.g., a rolling dock that was moved back and forth from the backyard to the lake) and upkeep, involving either general landscaping work (tree removal, yard clearing, the delivery of various materials, and the like), or needed or desired work on his cottage (roofing repair/replacement, furnace replacement, propane tanks deliveries and replacement, and the like), all such uses were maintained continuously from 1999 to when the defendant blocked the way in 2022 as noted."

the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony." (Internal quotation marks omitted.) *Delena* v. *Grachitorena*, 216 Conn. App. 225, 231, 283 A.3d 1090 (2022). Thus, "[w]e will not disturb the court's credibility determinations on appeal."[9] *M. C.* v. *A. W.*, 226 Conn. App. 444, 452, 319 A.3d 183 (2024).

Turning next to the plaintiff's contention that the record supported a finding that his use of the defendant's property was continuous and uninterrupted for fifteen years, we begin by recognizing that the use of a servient estate need not be constant in order to satisfy the "continuous and uninterrupted" element for a prescriptive easement claim. In *Frech* v. *Piontkowski*, 296 Conn. 43, 57, 994 A.2d 84 (2010), the servient estate owner defendants argued "that because the use of the reservoir was not constant, it was not continuous. The defendants point to testimony that the [plaintiffs] did not use their boat every year, and, in years that the boat was used, took the boat out about two or three times per month. Boating, however, was only one of several recreational uses that the plaintiffs made of the

---

[9] The plaintiff maintains that, in discrediting his testimony regarding the annual spring and fall cleanups, the court determined that there was a dearth of evidence corroborating his testimony when, according to the plaintiff, there was ample corroborating evidence. In its decision, however, the court expressly recognized that, other than in rare circumstances, witness testimony does not require corroboration, but that "[t]he absence of corroboration, of course, may affect the trier's decision as to the sufficiency of the evidence and the burden of proof . . . ." *Slack* v. *Greene*, supra, 294 Conn. 430. Thus, we do not construe the court's credibility determination to have depended on the lack of evidence corroborating the plaintiff's testimony.

The plaintiff also contends that, in discrediting his testimony as to the annual spring and fall cleanups, the court relied on the photographs in evidence that, as the court found, "indicate[d] little to no upkeep, weeds, and overgrowth" in the rear of the plaintiff's property. The plaintiff challenges the court's purported reliance on these photographs on several bases. In short, we disagree with the plaintiff's interpretation of the court's decision as having hinged its credibility determination on the photographs in question, and, therefore, we need not address the plaintiff's arguments in this regard.

reservoir. They also swam, fished, skated and went ice fishing. The frequency of the boat use, therefore, is only one measure of the frequency of the use that the plaintiffs made of the reservoir. Moreover, we never have imposed a requirement that use must be constant in order to satisfy the requirement that use be continuous. See *Roche* v. *Fairfield*, 186 Conn. 490, 501 n.11, 442 A.2d 911 (1982) (recognizing that seasonal use is sufficient to satisfy continuity requirement).'' Our Supreme Court further reasoned ''that [i]t is axiomatic that, in determining whether a prescriptive easement has vested, the nature of the easement will dictate the type of evidence that is required to prove it. *Slack* v. *Greene*, supra, 294 Conn. 429. The plaintiffs claimed, and the trial court found that they had proven, that they had acquired a prescriptive easement for recreational purposes. To require proof of daily or constant use for a recreational easement ignores the type of easement at issue. The evidence was sufficient to support the trial court's determination that the use was continuous.'' (Internal quotation marks omitted.) *Frech* v. *Piontkowski*, supra, 57. Therefore, constant use of an alleged prescriptive easement is not required to meet the ''continuous and uninterrupted'' element; like the ''open and visible'' element, this determination depends on the nature of the use of the servient estate.

In *Slack* v. *Greene*, supra, 294 Conn. 418, our Supreme Court analyzed whether the plaintiff's use of the alleged prescriptive easement was continuous with respect to the nature and frequency of such use. As the court explained: ''[W]e disagree that the plaintiff's testimony was inadequate to support the trial court's finding that her use of the right-of-way was open and continuous during the prescriptive period because that testimony was not sufficiently specific with respect to [the] nature and frequency of her use. . . . [T]he plaintiff claimed a right to travel over a paved right-of-way located at

the end of her driveway that leads to the nearest public road. In light of the nature of the right-of-way and its location in relation to the plaintiff's home, her testimony concerning the regular and uninterrupted nature of her use of the right-of-way from the time that she moved into her home until shortly before the commencement of this action—testimony that the trial court found to be highly credible—was sufficient to satisfy her burden of demonstrating that she used the right-of-way in an open and continuous manner during the prescriptive period." (Citation omitted; internal quotation marks omitted.) Id., 429–30.

In the present case, the court found that "the facts in this case do not support a finding that the [plaintiff's] usage was . . . continuous and uninterrupted," as the plaintiff's use of the defendant's property was "sporadic and intermittent . . . ." In *Slack*, the trial court credited the plaintiff's testimony regarding her regular, uninterrupted use of the servient estate, which thereby satisfied her burden of proof with respect to the "continuous" element. *Slack* v. *Greene*, supra, 294 Conn. 429–30. Conversely, the court in the present case discredited the plaintiff's testimony that he biannually crossed the defendant's property to reach the rear of his property for yardwork, which, in this case, was vital testimony in order for the plaintiff to prove this element. Moreover, although constant use of a servient estate is not required for the "continuous and uninterrupted" element to be met, such use must be more than sporadic for the plaintiff to satisfy his burden in this regard. Here, there is ample support in the record for the court's finding that the plaintiff's used the defendant's property only sporadically and intermittently.

In sum, because the plaintiff failed to present sufficient evidence to meet his burden of proving that his use of the defendant's property was continuous and

uninterrupted for fifteen years, we conclude that the court's finding in this regard was not clearly erroneous.

## II

Finally, the plaintiff contends that the trial court erred in concluding that he did not establish the bounds of the alleged prescriptive easement with reasonable certainty. He argues that he submitted a plethora of credible evidence proving the "actual route" taken by him through the defendant's property.[10] We reject this claim.

"The prescriptive right extends only to the portion of the servient estate actually used . . . and is circumscribed by the manner of its use. . . . A prescriptive right cannot be acquired unless the use defines its bounds with reasonable certainty." (Citations omitted.) *Kaiko* v. *Dolinger*, 184 Conn. 509, 510–11, 440 A.2d 198 (1981). "This requirement is not satisfied when the use is 'indiscriminate over [an] entire area.' " *St. Germain* v. *Hurd*, 128 Conn. App. 497, 502, 17 A.3d 516 (2011). "There have been cases in which this court has affirmed the grant of a prescriptive easement that did not contain the specific terms of the easement, but in those cases, the scope of the easement was nonetheless defined by the common and ordinary use proven at trial. See, e.g., *Kelley* v. *Tomas*, [66 Conn. App. 146, 160, 167 n.4, 783 A.2d 1226 (2001)] (court's description of easement by

---

[10] The plaintiff points to the following evidence to support his contention that the court incorrectly found that he failed to establish an "actual route" through the defendant's property: (1) the plaintiff's testimony regarding where he would use the alleged easement; (2) a satellite photograph of the parties' properties; (3) a photograph depicting the area where the plaintiff allegedly crossed over into his property; (4) a sketch made by the plaintiff of the route that he would take to enter the alleged easement; (5) testimony that "his route was consistently in the same location" even though his access would vary depending on the direction from which he was entering; (6) a photograph of the plaintiff's truck in his backyard; (7) a photograph of the fence blocking the route taken by the plaintiff to reach the rear of his property; and (8) a video of the plaintiff driving his vehicle through the defendant's property to reach his backyard.

prescription as general route across property used by defendants for more than twenty years without incident upheld although parties did not introduce evidence such as its metes and bounds); *Simonds* v. *Shaw*, [44 Conn. App. 683, 691, 691 A.2d 1102 (1997)] (court need not define scope of easement because it was already defined by boundaries of roadway)." *St. Germain* v. *Hurd*, supra, 502–503.

In addressing the issue of whether the plaintiff had established the bounds of the alleged prescriptive easement with reasonable certainty, the court found that "[t]here was no specifically designated area of where the trucks or machinery crossed over from 45 Lake Drive to the rear of the plaintiff's property. No evidence was submitted showing evidence of the route or of the ground where the trucks may have driven over, such as ruts or trampled grass, [other] than a drawing by the plaintiff." See footnote 10 of this opinion. The court proceeded to determine that "[t]he evidence presented was insufficient for the court to determine, with reasonable certainty, what area is being claimed as a prescriptive easement. Would the width of the trucks, vehicles or machinery dictate the width of the easement? Did a vehicle come closer to the plaintiff's property so as to use the bare minimum of the defendant's property? If it was a large machine of some kind, would it have to make a wider swing into the property necessitating a wider easement? Even the video the plaintiff submitted [see footnote 10 of this opinion] shows him driving up the driveway of the defendant's property before turning into the rear of the plaintiff's lot—unlike the drawing [that] he submitted. The court has no evidence as to the actual route."

In *Chase & Chase, LLC* v. *Waterbury Realty, LLC*, 138 Conn. App. 289, 300–301, 50 A.3d 968 (2012), this court affirmed the trial court's finding that the plaintiff in that case met its burden of proof that it established

the bounds of the prescriptive easement over the defendant's property with reasonable certainty. The plaintiff had presented an abundance of testimony regarding the boundaries of the easement. Id., 301. This court concluded that, because the plaintiff sufficiently presented evidence that supported an inference that tractor trailer trucks used the prescriptive easement continuously, the plaintiff successfully met its burden of proving the boundaries of the easement with reasonable certainty. Id.

In the present case, the court determined that the plaintiff failed to meet his burden of proving the bounds of the alleged easement to a degree of reasonable certainty. Unlike in *Chase & Chase, LLC* v. *Waterbury Realty, LLC*, supra, 138 Conn. App. 300–301, where the plaintiff had multiple witnesses corroborate the proposed prescriptive easement route, the plaintiff in this case presented only his own testimony on the matter and several exhibits, which the court, as the trier of fact, found to be inadequate. See *Delena* v. *Grachitorena*, supra, 216 Conn. App. 231 ("[i]t is the exclusive province of the trier of fact to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony" (internal quotation marks omitted)). Nothing in the record suggests that the court's finding in this regard is clearly erroneous. At most, the plaintiff proved that his use was nothing more than " 'indiscriminate over [an] entire area' " of the defendant's property. *St. Germain* v. *Hurd*, supra, 128 Conn. App. 502. We therefore conclude that the court did not err in determining that the plaintiff failed to establish the boundaries of the alleged prescriptive easement with reasonable certainty.

In sum, we conclude that the court properly determined that the plaintiff was not entitled to the grant of

a prescriptive easement over the defendant's property pursuant to § 47-37.

The judgment is affirmed.

In this opinion the other judges concurred.